[Sac. No. 1961. In Bank.—March 5, 1912.]

## J. F. BOLING, Respondent, v. THOMAS ALTON, Appellant.

APPEAL—NOTICE OF MUST BE GIVEN.—An appeal can only be taken by filing with the clerk of the court, in the manner required by section 940 or section 941b of the Code of Civil Procedure, a notice "stating the appeal" or stating the fact that the party giving it does appeal from the judgment, order, or decree, or some specific part thereof.

ID.—NOTICE TO CLERK TO PREPARE TRANSCRIPT NOT NOTICE OF APPEAL.—Section 953a of the Code of Civil Procedure merely provides a substitute for a bill of exceptions, and a notice to the clerk, in literal compliance with that section, which erroneously states that the party giving it has taken an appeal, and requests the clerk to prepare a transcript of the evidence and proceedings had on the trial, cannot be construed as the notice of appeal required to be given by sections 940 or 941b of that code.

MOTION to dismiss an appeal purporting to have been taken from a judgment of the Superior Court of Madera County. W. M. Conley, Judge.

The facts are stated in the opinion of the court.

Everts & Ewing, for Appellant.

George Cosgrove, and L. L. Cory, for Respondent.

SHAW, J.—The plaintiff moves to dismiss the so-called appeal on the ground that no notice of appeal has been given and that, consequently, no appeal has been taken.

Section 940 of the Code of Civil Procedure declares that "An appeal is taken by filing with the clerk of the court in which the judgment or order appealed from is entered, a notice *stating the appeal from the same,* or some specific part thereof, and serving a similar notice upon the adverse party or his attorney." The defendant has not filed any notice "stating the appeal" from any judgment or order or any part thereof, or any paper purporting to be a notice of appeal under this section.

Section 941b, prescribing the only other mode of appeal, declares that any person having the right of appeal from a judgment, order, or decree "may appeal therefrom by filing

with the clerk of the court in which the judgment, order or decree is rendered, a notice entitled in the cause in which said judgment, order or decree was made, which said notice shall state that the person giving the same does thereby appeal to the supreme court or district court of appeal, as the case may be, from the judgment, order or decree, or some specific part thereof; and the said notice must identify the said judgment, order or decree, or the part thereof appealed from, with reasonable certainty." No notice conforming to this section, or purporting or attempting to comply therewith, has been filed.

The only proceeding taken by the defendant in the cause, after the judgment, was to file a notice with the clerk of the superior court, as provided in section 953a, to obtain a transcript of the evidence in lieu of a bill of exceptions. He also served the plaintiff with a copy of this notice. The part of the section relating to such notice is as follows:—

"Any person desiring to appeal from any judgment, etc., . . . may, in lieu of preparing and settling a bill of exceptions pursuant to the provisions of section six hundred and fifty of this code, file with the clerk of the court from whose judgment, order or decree said appeal is taken, or to be taken, a notice stating that he desires or intends to appeal, or has appealed therefrom, and requesting that a transcript of the testimony offered or taken, evidence offered or received, and all rulings, instructions, acts or statements of the court, also all objections or exceptions of counsel, and all matters to which the same relate, be made up and prepared. Said notice must be filed within ten days after notice of entry of the judgment, order or decree."

The subsequent parts of the section prescribe the method by which such transcript is to be made up, corrected, settled, and authenticated.

The notice, after the title of the cause, was as follows:—

"To W. R. Curtin, clerk of the county of Madera, state of California: You will please take notice that the defendant in the above entitled action, Thomas Alton, has appealed to the district court of appeal of the state of California, and the first district thereof, from that certain judgment rendered on July 1st, 1911, in favor of the plaintiff and against the defendant above named, and said defendant requests that

you prepare a transcript of the testimony offered or taken, evidence offered or received, and all rulings, instructions, acts or statements of the court, also all objections of counsel and all matter to which the same relate, together with the finding and judgment in accordance with section 953a of the Code of Civil Procedure."

Section 953a merely provides a substitute for a bill of exceptions. It does not purport to authorize an appeal, or prescribe how it may be taken. The language of this notice is a literal compliance with this section. It does not comply with the provisions of section 940 or 941b, prescribing the method of taking an appeal. It states, in effect, that an appeal had been theretofore taken, which was not true. The service of a copy of this notice on the attorney for the plaintiff does not help the matter. In view of the terms of section 953a, above given, and the exact correspondence of the notice thereto, the attorney would naturally suppose that no other object or purpose was intended, and that the notice was served to inform him that defendant was proceeding to prepare a record under that section. Defendant had the right to do this whether he had appealed or only desired or intended to appeal. It might cause the attorney to examine the files to see if a notice of appeal under section 941b had been filed. Finding none, no action, or further attention, on his part was called for. The code is plain on all these subjects. There is no difficulty in following its provisions. We do not think that a notice which is a literal and proper compliance with section 953a, and which merely initiates the statutory proceeding there prescribed for making up the record, should be turned by construction into a notice of appeal and held to be good, as such, under a section with which it does not comply.

The so-called appeal is dismissed.

Angellotti, J., Henshaw, J., Lorigan, J., and Melvin, J., concurred.