[S. F. No. 5789.   Department One.—February 14, 1913.]

## MARIA S. MARCUCCI and ANTONIO MARCUCCI, Appellants, v. F. W. VOWINCKEL, Respondent.

APPEAL BY NEW METHOD—REVIEW OF EVIDENCE—NEGLIGENCE—FAILURE TO EMBODY EVIDENCE IN BRIEF OR OTHERWISE IDENTIFY IT.—On an appeal taken by the new method by the plaintiff from a judgment of nonsuit in an action to recover damages for the alleged negligence and want of skill of the defendant, as a physician and surgeon, it will be assumed that there was no evidence of such want of care or skill, when counsel for the appellant omits to print in his brief any part of the testimony on that subject, as required by section 953c of the Code of Civil Procedure, or to refer to any part of the record where it is contained, or to argue the question at all.

ID.—CONTINUANCE OF TRIAL—ATTENDANCE OF WITNESS—WANT OF DILIGENCE—DISCRETION.—It was not an abuse of discretion for the trial court to refuse to continue the trial of such case from the afternoon of the last day thereof until the following morning, in order to give the plaintiffs an opportunity to secure the attendance of three additional unnamed witnesses, when there was an entire absence of any showing of diligence made in support of the application for continuance, and no affidavit was made or proposed to be made, and it was not shown that  any subpoena had been issued or served on them, or that they had promised to attend then, or at any other time, or that they would, if examined, testify to any material fact, or that they knew anything about the facts of the case, or what counsel expected to prove by them.

ID.—DISCRETION OF TRIAL COURT RESPECTING CONTINUANCES.—Continuances should not be granted without good cause, and the granting or refusing thereof is usually a matter largely within the discretion of the trial court.  An abuse of discretion must be shown to justify a reversal of the judgment because of a ruling on such matters.

ID.—NOTICE OF APPEAL—NOTICE TO CLERK TO PREPARE TRANSCRIPT.—The notice to the clerk requesting the preparation of a transcript on appeal, being the notice provided for by section 953a of the Code of Civil Procedure, given in the form there prescribed and without other appropriate words, is not a good notice of appeal.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   George A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

Wal. J. Tuska, for Appellants.

Chickering & Gregory, and Stanley Moore, for Respondent.

SHAW, J.—At the conclusion of plaintiffs' evidence, the court below, on motion of defendant, granted a nonsuit, on the ground that the evidence did not tend to show negligence or unskillfulness on the part of the defendant. From the judgment of dismissal thereupon given, the plaintiffs appeal.

The plaintiffs seek to recover damages from defendant for injuries sustained by the plaintiff, Maria, wife of plaintiff, Antonio, from the alleged negligence and want of skill of defendant, as a physician and surgeon, in advising her that a surgical operation upon her was necessary and in the performance of said operation. The transcript on appeal consists of a copy of the judgment-roll and a reporter's transcript of the evidence and proceedings at the trial, neatly typewritten, prepared and certified, as provided by sections 953a and 953c of the Code of Civil Procedure. Counsel for the appellants does not print in his brief, or at all, any part of the testimony or evidence on the subject of want of care and skill on the part of the defendant, as he is required to do by section 953c, aforesaid, where he desires to call the attention of the court to the evidence. Nor does he in his brief point out or refer to such evidence on the part of the record where it may be found. He does not argue the question at all. We will therefore assume, for the purposes of this review, that there was no evidence of such want of care or skill.

The only point worthy of mention, presented in the brief, is the claim that the court below improperly refused to continue the trial from the afternoon of the last day thereof until the following morning, to give the plaintiffs an opportunity to procure the attendance of three additional witnesses to testify on behalf of the plaintiffs. The record does not show at what time in the afternoon this refusal occurred. Plaintiffs' counsel say it was at half past three o'clock. There was no showing of any diligence whatever made in support of the application for the continuance. No affidavit was made, or proposed to be made. It was not shown that any subpoena had been issued or served on the proposed witnesses, or that they had promised to attend then, or at any other time, or that they would, if examined, testify to any material fact, or that

they knew anything about the facts of the case, or what counsel expected to prove by them. Their names were not even stated. The court offered to delay the proceedings half an hour to enable plaintiffs to procure their attendance, but their counsel stated that the office hours of the witnesses were such that he could not procure their presence on that day, but he did not state where they resided, whether in San Francisco, or elsewhere.

Continuances should not be granted without good cause. The granting or refusing thereof is usually a matter largely within the discretion of the trial court. An abuse of discretion must be shown to justify a reversal of the judgment because of a ruling on such matters. It cannot justly be claimed that good cause was here shown for a continuance. We cannot say that the lower court abused its discretion.

The other rulings complained of relate to the admission or exclusion of evidence. The trial was before the court, without a jury. None of the rulings operated to prevent the plaintiffs from introducing any substantial evidence of the want of care or skill complained of, and all of them were upon trivial matters. They could not have affected the substantial rights of the plaintiffs. We do not think it necessary to discuss them. The failure to prove want of care or skill would justify the nonsuit even if these rulings had been favorable to plaintiffs.

The transcript of the record does not contain any notice of appeal. There is a notice to the clerk requesting the preparation of a transcript on appeal, being the notice provided for by section 953a, aforesaid. Because of the frequent misunderstanding of the effect of this section, we repeat that it does not provide for a notice of appeal and that a notice given under it, in the form there prescribed and without other appropriate words, is not a good notice of appeal. (*Smith* v. *Jaccard,* 20 Cal. App. 280, [128 Pac. 1026] ; *Boling* v. *Alton,* 162 Cal. 298, [122 Pac. 461] ; *Lent* v. *California F. G. Assoc.,* 161 Cal. 719, [121 Pac. 1002].) Counsel for respondent do not raise the objection, and we therefore assume that a proper notice of appeal was filed, and that its insertion in the record was waived.

The judgment is affirmed.

Sloss, J., and Angellotti, J., concurred.