[L. A. No. 3720.   In Bank.—October 3, 1914.]

In the Matter of the Estate of FRANK R. FABER, Deceased.   MARY E. SUFFAL, Appellant; MILDRED FABER, Respondent.

APPEAL—SUFFICIENCY OF NOTICE—NEW METHOD—NOTICE TO CLERK.— A notice of appeal from an order setting apart a homestead to the widow of a decedent reading as follows: "Notice is hereby given, pursuant to section 953a, Code of Civil Procedure, to all persons concerned that the undersigned desires to appeal, and does hereby appeal to the supreme court from the order" etc., is sufficient in substance as a notice of appeal under section 941b of that code.   The fact that it is drawn so as to serve the double office of a notice of appeal and a notice to the clerk, under section 953a, does not destroy its effect as a notice of appeal, nor is the statement that it is given "pursuant to section 953a" fatal to its sufficiency as such a notice.

PROBATE HOMESTEAD—LOT SET APART MUST BE FIT FOR RESIDENCE— INTENT OF DECEDENT TO BUILD RESIDENCE.—A lot in a city, having no improvements upon it except two small buildings, each of which was unfit for a dwelling place,—one of them being scarcely large enough to inclose an ordinary buggy, and the other being used as a garage,—cannot be set aside as a probate homestead to the widow of a decedent, notwithstanding evidence tending to show that the decedent prior to his death, intended to build a dwelling house on the lot, and had made indefinite plans for its erection.

ID.—UNEXECUTED INTENT TO BUILD RESIDENCE.—An unexecuted and conditional intent to fit a place for residence is not sufficient to justify a court in setting it apart as a probate homestead under section 1465 of the Code of Civil Procedure.

EVIDENCE—LAW OF FOREIGN COUNTRY—LAYMAN MAY TESTIFY TO.— Under section 1902 of the Code of Civil Procedure, oral testimony as to the unwritten law of a foreign country regarding property rights, both real and personal, may be given by any witness who is skilled therein.   It is not necessary that the witness be engaged in the practice of the law in such country or as a professor of law therein.   The fact that the witness was not a lawyer, or a professor of law, would go to the weight of his testimony and not to its competency.

APPEAL from an order of the Superior Court of San Diego County setting apart a homestead from the estate of a deceased person.   W. R. Guy, Judge.

The facts are stated in the opinion of the court.

Edward T. Lannon, and Mannix & Lannon, for Appellant.

Gordon L. Gray, for Respondent.

SHAW, J.—This is an appeal from an order setting apart to Mildred Faber, the widow of decedent, a parcel of land belonging to the estate, as homestead.

The respondent moves to dismiss the appeal on the ground that no sufficient notice of appeal has been filed. The opening part of the notice of appeal shows the defect relied on. It is as follows: "Notice is hereby given, pursuant to section 953a of the Code of Civil Procedure, to all persons concerned that the undersigned Mary E. Suffal, desires to appeal and does hereby appeal to the supreme court from the order," etc. We deem this a sufficient notice in substance, although it is not in good form. It differs from the notices of appeal held insufficient in *Lent* v. *California etc. Assoc.*, 161 Cal. 719, [121 Pac. 1002] ; *Boling* v. *Alton,* 162 Cal. 299, [122 Pac. 461], and *Marcucci* v. *Vowinckel,* 164 Cal. 695, [130 Pac. 430], in this, that it expressly states that Mary E. Suffal "does hereby appeal," from the order, etc., describing it with sufficient accuracy. The notices in the cases cited did not contain any equivalent language, but were plainly phrased for notices to the clerk to prepare the transcript, as provided by section 953a. This notice expressly states that the petitioner does appeal, and it is therefore good as a notice of appeal under section 941b of the Code of Civil Procedure. The fact that it is drawn so as to serve the double office of a notice of appeal and a notice to the clerk, under section 953a, as appears from the subsequent parts of the notice (not above quoted), does not destroy its effect as a notice of appeal, nor is the statement that it is given "pursuant to section 953a" fatal to its sufficiency as a notice of appeal. That phrase may properly be deemed applicable, solely to the subsequent part constituting a notice to the clerk, or as mere surplusage. It could not have misled the parties interested and, under the rule prevailing since the enactment of section 941b, such faults do not vitiate an appeal. (*Southern Pac. Co.* v. *Superior Court,* 167 Cal. 250, [139 Pac. 71].)

The motion to dismiss the appeal is denied.

The main objection to the order appealed from is that the
land set apart as a homestead had no building or structure
upon it that could be used as a dwelling house, either at the
time of decedent's death, or thereafter up to the time of mak-
ing the order. We think this objection is well taken. The
land consisted of a lot in the city of San Diego. It had no
improvements upon it, except two small buildings which the
petitioner herself designated as "shacks." One of them was
scarcely large enough to inclose an ordinary buggy, the other
was used as a garage. The petitioner testified that neither
of them was fit for a dwelling place.

The question of the power of a court to set apart such prop-
erty as a probate homestead is settled by the decision in *Es-
tate of Gallagher,* 134 Cal. 96, [66 Pac. 70]. In that case the
property involved was farming land upon which the decedent
and his wife, the petitioner, had at one time resided in a house
situated thereon. This house, some two or three years before
his death, was destroyed by fire. From that time until his
death there was no building upon the land that could be used
as a dwelling and the decedent and his wife resided else-
where. She offered to prove that if the court should set off
the land to her as a homestead she would erect thereon a
dwelling house and reside in it. This court held that this
testimony was properly rejected. Upon the merits, it was de-
cided that the authorities in this state establish "the rule that
a probate homestead cannot be carved out of a tract of naked
agricultural land having upon it no dwelling house or quali-
ties of a home," and that the court below was right in refus-
ing to set apart the land as a homestead. This is in harmony
with the declaration in *Estate of Noah,* 73 Cal. 593, [2 Am.
St. Rep. 834, 15 Pac. 292], that the superior court "would be
justified in refusing to set apart land as a homestead, unless
it were made to appear that there was thereon an edifice that
could be used as a dwelling." (See, also, *In re Sharp,* 78
Cal. 485, [21 Pac. 182].)

The same principle applies here. The lot in question was
no more suitable for a home than was the farming land ap-
plied for in the Gallagher case. The purpose of the widow,
in that case, to build a dwelling on the land, if it had been
awarded to her, was declared to be insufficient to authorize
such award. There is no suggestion in the case at bar that
the petitioner intends ever to build a dwelling house on the

lot or to occupy it as a home. There is evidence tending to show that the decedent intended to build an apartment house on the lot and to live in one of the apartments after the house was erected, that preparatory to carrying out this intention, he had, some three or four months before his death, removed from the lot a small dwelling house thereon and that, shortly prior to his death, he was endeavoring to arrange for the borrowing of sufficient money with which to build the house and was having plans therefor drawn by an architect. But it also appeared that these plans were conditional upon the uncertain event of his ability to borrow the money necessary for that purpose. No definite arrangement had been made therefor. This may have been entirely immaterial in any event, but it is, at all events, not sufficient to show that the lot was in any legal sense the residence of the decedent or capable of being used as a residence at the time of his death. It remained in the same condition up to the time of making the order. An unexecuted and conditional intent to fit a place for residence, such as here appears, is not sufficient to justify a court in setting it apart as a probate homestead under section 1465 of the Code of Civil Procedure. The case cannot be distinguished from the Gallagher case above cited so far as that point is concerned. It follows that the court erred in setting apart the property to the petitioner as a homestead.

Some question arose upon the trial concerning the character of the property, whether it was community property or separate property of the decedent. As there may be another trial below, we deem it advisable to notice a ruling upon the admission of evidence upon the subject. The claim of petitioner was that the money with which the decedent purchased the lot was earned by him while he was residing in the city of Constantinople in Turkey, after her marriage, and that therefore it was community property. The contestant, on the other hand, claimed that the funds which paid for the lot were obtained by him by descent from his brother and were his separate estate. The contestant endeavored to prove that, under the law of Turkey, there was no community property and that all property accumulated in Turkey by the husband became his separate estate. She called a witness who testified that he had been a factor engaged in selling and buying property in Smyrna, which is in the empire of Turkey, that

the law of Turkey required that he should be licensed to carry on that business, that he held such license and that in order to hold the same it was necessary that he should be familiar with the laws of Turkey governing property rights, both real and personal. Thereupon he was asked whether or not he was familiar with the laws of the empire of Turkey regarding property rights. The court sustained an objection to this question and refused to allow him to testify further on the subject, basing the ruling upon the proposition that the laws of a foreign country cannot be proven by the testimony of a witness who was not engaged in the practice of law therein. In this we think the court erred. Section 1902 of the Code of Civil Procedure provides that "the oral testimony of witnesses skilled therein is admissible as evidence of the unwritten law of a sister state or foreign country." It does not declare that such witness must be engaged in the practice of the law in such country or as a professor of law therein. It is sufficient if it appears that he was skilled therein. The witness in question testified that it was his duty as an officer to become familiar with the laws of Turkey regarding property rights, both real and personal. He was not allowed to proceed to testify whether he was familiar with such laws or to testify concerning the law itself on the subject in question. We think this testimony was admissible. If it should appear that he was skilled therein, the objection that he was not a lawyer, or a professor of law, would go to the weight of his testimony and not to its competency.

The order appealed from is reversed.

Sloss, J., Henshaw, J., Lorigan, J., and Melvin, J., concurred