[Sac. No. 2422. In Bank.—July 24, 1916.]

## A. P. MICHELSON, Respondent, v. CITY OF SACRAMENTO, Appellant.

MUNICIPAL CORPORATIONS—ORDINANCE—DECLARATION OF URGENCY WHEN NONE EXISTS.—Where a municipal charter provides that no ordinance shall take effect until thirty days after its passage except certain ordinances which contain a statement of urgency, the effect of declaring an urgency when there is none is not to avoid the ordinance, but merely to postpone the taking effect thereof until the period of thirty days has elapsed.

APPEAL—INSUFFICIENT NOTICE TO CLERK.—A notice to the clerk to prepare a record under section 953a of the Code of Civil Procedure, which states that the party giving the notice desires to appeal, but nowhere states that it does appeal, is ineffectual to constitute an appeal.

APPEAL from an order of the Superior Court of Sacramento County granting a preliminary injunction. Peter J. Shields, Judge.

The facts are stated in the opinion of the court.

Archibald Yell, for Appellant.

J. M. Inman, William B. Bosley, and L. T. Hatfield, *Amici Curiae,* for Respondent.

SHAW, J.—The charter of Sacramento provides that no ordinance shall take effect until thirty days after its passage except a tax ordinance, and ''except an ordinance for the immediate preservation of the public peace, health or safety, which contains a statement of its urgency and is passed by a four-fifths vote of the City Commission.'' (Stats. (Spec. Sess.) 1911, sec. 270, p. 400.) On June 30, 1915, the commission passed an ordinance, section 30 of which declared that it was for the immediate preservation of the public safety, and a matter of urgency, and should take effect fifteen days after its passage. On July 15, 1915, the plaintiff sued to enjoin the city from enforcing said ordinance on the ground that there was no urgency and that the declaration that there was an urgency when none existed had the effect of making the ordinance void. On July 28, 1915, the court made a preliminary order of injunction in the case purporting to restrain the city from enforcing the ordinance until further order.

The law of the case is settled by the decision of this court in the Hoffman case (155 Cal. 120, [132 Am. St. Rep. 75, 99 Pac. 517]), with which we are entirely satisfied, holding, with respect to Los Angeles, having an identical provision in its charter, that the effect of declaring an urgency when there was none is not to avoid the ordinance, but merely to postpone the taking effect thereof until the period of thirty days has elapsed.

We are, however, without power to determine the validity of the preliminary injunction in this case for no effectual appeal has been taken. The record contains a notice to the clerk to prepare a record under section 953a of the Code of Civil Procedure. This notice states that the defendant desires to appeal, but nowhere declares that it does appeal. No other notice was given. The case comes within the decisions in *Boling* v.

*Alton,* 162 Cal. 297, [122 Pac. 461], *Marcucci* v. *Vowinckel,* 164 Cal. 693, [130 Pac. 430], and *Estate of Faber,* 168 Cal. 492, [143 Pac. 737], holding that such a notice is ineffectual to constitute an appeal. The matter is of slight importance since the case is still pending on the merits and the court below is not bound by its preliminary order.

The appeal is dismissed.

Sloss, J., Lorigan, J., Henshaw, J., Lawlor, J., and Angellotti, C. J., concurred.