[Civ. No. 2757. Second Appellate District, Division One.—February 27, 1920.]

## LAURA S. EDDY, Appellant, v. BEN S. HUNTER, Respondent.

[1] Appeal — Sufficiency of Notice.— Compliance With Section 941b, Code of Civil Procedure.—In order to take an appeal there must be an actual compliance, in the statutory language or its equivalent, with the requirement contained in section 941b of the Code of Civil Procedure that the notice of appeal "shall state that the person giving the same does thereby appeal," etc., before such notice will be held to constitute a notice of appeal within the terms of that section. A notice stating that the person "will appeal" is not sufficient.

MOTION to dismiss an appeal from a judgment of the Superior Court of Los Angeles County. Wm. D. Dehy, Judge Presiding. Granted.

The facts are stated in the opinion of the court.

Henry K. Norton and Roy V. Rhodes for Appellant.

Oliver O. Clark for Respondent.

CONREY, P. J.—Respondent objects to the consideration of plaintiff's appeal from the judgment herein, and suggests that the appeal should be dismissed upon the ground that no notice of appeal was ever served or filed. The judgment was entered on the fourth day of February, 1918. On the seventh day of March, 1918, the plaintiff filed in the office of the clerk of the court below a document addressed to H. J. Lelande, county clerk, entitled "Notice of Appeal," the terms of which notice were in the following language: "You will please take notice that the plaintiff will appeal to the District Court of Appeal of the State of California from the judgment," describing the judgment. At the same time the plaintiff served and filed a notice of intention to move for a new trial, which proceeding is conceded to have ended by operation of law (Code Civ. Proc., sec. 660) on the eighth day of June, 1918, the same having never been acted upon by the court. On the fourteenth day of June, 1918, the plaintiff filed with the clerk of the superior court a

document entitled "Notice of Appeal and Request for Transcript under section 953a of the Code of Civil Procedure." This notice stated that the plaintiff "has appealed," etc., from the judgment, and requested a transcript of the evidence.

[1] As we understand the decisions of the supreme court upon the point in question, it must be held that neither of said notices constitutes a notice of appeal within the terms of section 941b of the Code of Civil Procedure by which the point in question is controlled. That section requires that a notice of appeal given thereunder "shall state that the person giving the same does thereby appeal" from the judgment or order. Section 953a of the Code of Civil Procedure, under which an appellant requests the preparation of a typewritten transcript of the evidence, etc., does not provide for a notice of appeal. Its purpose is to provide a method of preparing the record on appeal. The proceedings therein prescribed are not jurisdictional to the appeal. A notice given under it in the form there prescribed, reciting that the person giving the notice desires to appeal, or that he intends to appeal, or that he has appealed from the judgment, is not a good notice of appeal. (*Marcucci* v. *Vowinckel,* 164 Cal. 693, [130 Pac. 430].) "We do not think that a notice which is a literal and proper compliance with section 953a, and which merely initiates the statutory proceeding there prescribed for making up the record, should be turned by construction into a notice of appeal and held to be good, as such, under a section with which it does not comply." (*Boling* v. *Alton,* 162 Cal. 297, [122 Pac. 461].) In *Lent* v. *California Fruit Growers' Assn. of Los Angeles,* 161 Cal. 719, [121 Pac. 1002], it was ordered that the appeal be dismissed for failure to give the notice contemplated by section 941b of the Code of Civil Procedure. The court made no statement of facts, but we have examined the record in the office of the clerk of the supreme court. It there appears that the only notice given was a notice for transcript under section 953a, in which it was recited that defendants "intend to appeal" from the judgment. In *Michelson* v. *City of Sacramento,* 173 Cal. 108, [159 Pac. 431], the appeal was dismissed because the only notice of appeal was a notice to prepare a record under section 953a of the Code of Civil Procedure, wherein it was stated that

the defendant "desires to appeal," but nowhere declares that it does appeal.

It thus clearly appears that no appeal has been taken in this case, unless it was taken by virtue of the notice filed on March 7, 1918. In *Estate of Faber,* 168 Cal. 491, [143 Pac. 737], it was held that a notice purporting to be given under section 953a of the Code of Civil Procedure might serve the dual purpose of a notice to prepare transcript under section 953a of the Code of Civil Procedure and a notice of appeal under section 941b of the Code of Civil Procedure, where apt words were used to constitute a notice of appeal. The language there used in the notice was that the person giving the notice "desires to appeal and does hereby appeal" to the supreme court from the order. Referring to *Lent* v. *California Fruit etc. Assn., supra, Boling* v. *Alton, supra,* and *Marcucci* v. *Vowinckel, supra,* the court said that this notice differed from the notices of appeal held insufficient in those cases in this, that it expressly stated that the party "does hereby appeal" from the order, etc., describing it with sufficient accuracy. "The fact that it is drawn so as to serve the double office of a notice of appeal and a notice to the clerk, under section 953a, as appears from the subsequent parts of the notice (not above quoted), does not destroy its effect as a notice of appeal, nor is the statement that it is given 'pursuant to section 953a' fatal to its sufficiency as a notice of appeal."

If a notice that the losing party to an action intends to appeal or that he desires to appeal or that he has appealed from a judgment is not sufficient to constitute a notice of appeal, and if, therefore, it is not sufficient to give this court jurisdiction of the appeal, we are unable to see that a notice stating that such party "*will* appeal" can be of any greater effect. All of the decisions to which we have referred go upon the theory that there must be an actual compliance, in the statutory language or its equivalent, with the requirement contained in section 941b, that the notice "shall state that the person giving the same does thereby appeal," etc., before such notice will be held to constitute a notice of appeal within the terms of that section. This actual compliance must be in words expressive of a present act, since the giving of the notice is the very act of taking the appeal.

There is one decision of the supreme court which possibly is inconsistent with those to which we have referred. In the case of *In re Nutt's Estate,* 180 Cal. 419, [181 Pac. 661], there was a motion to dismiss an appeal upon the ground that the appeal was not taken within sixty days after the entry of judgment, and upon the further ground that no sufficient notice of appeal was ever filed. After disposing of the first contention adversely to the respondent, the opinion of the supreme court closes as follows: "The other ground of the motion to dismiss was that no sufficient notice of appeal was ever filed. As to this ground we orally stated our views from the bench at the time of the hearing of the motion, to the effect that the notice should be held to be sufficient. No useful purpose would be subserved by further discussion of this point." The motion to dismiss the appeal was denied. There being in the opinion no statement of facts concerning the point last mentioned, we have examined the record in that action. We find that the only notice given was a notice to the clerk to prepare transcript which notice was headed, "Notice of Appeal and Instructions to Clerk," and in the body of the notice it was stated that the person giving the notice "desires to appeal" from the judgment. We further find that the court had before it, in addition to said notice, a certain affidavit of the attorney for appellant and a counter-affidavit of attorney for respondent referring to certain negotiations and stipulations entered into between said attorneys, by virtue of which stipulations apparently the attorney for appellant was contending either that he should not be bound by the usual construction of the notice given or that he should be relieved from his default incurred by reason of having given such insufficient notice. We recognize that this is a jurisdictional matter and that probably the supreme court would have held that if there was not a notice of appeal the failure to give such notice could not be overcome by proof of waiver by the adverse party. If this was the opinion of the court, then its refusal to dismiss the appeal must have been based upon the opinion that the notice of appeal was sufficient. But if that case can be held to constitute a decision that the notice of appeal there before the court was sufficient, its effect was to overrule the previous decisions to which

we have referred. However that may be, we feel bound by the decisions which repeatedly have passed upon the question and which have not been directly overruled.

The appeal is dismissed.

Shaw, J., and James, J., concurred.