[L. A. No. 6429. Department One.—July 13, 1921.]

# SARAH J. WALL, Appellant, v. J. GEORGE HUNTER et al., Respondents.

[1] APPEAL—INSUFFICIENT NOTICE.—A notice of appeal and request for transcript under section 953a of the Code of Civil Procedure which states that the appellant "has appealed" is not sufficient, and does not indicate an intention to appeal within the meaning of section 941b of such code.

APPEAL from a judgment of the Superior Court of Riverside County. Hugh H. Craig, Judge. Appeal dismissed.

The facts are stated in the opinion of the court.

D. B. Chapin for Appellant.

A. Aird Adair for Respondents.

LAWLOR, J.—This is an appeal from a judgment against plaintiff, Sarah J. Wall, and in favor of the defendants, dismissing the action because of the failure of plaintiff to file an undertaking securing the payment of costs, as required by section 1036 of the Code of Civil Procedure. The action was for damages in the sum of one hundred thousand dollars for the alienation of the affections of plaintiff's husband, Thomas D. Wall. Service of summons was only made on the defendants J. George Hunter and A. H. Winder, although one John J. Wall was a party defendant. The complaint was filed on August 19, 1919. A general demurrer was interposed on behalf of Hunter and Winder. On September 29, 1919, an amended demurrer was filed. On the same day Hunter and Winder, in their own proper persons, filed the demand for security for costs, whereupon the court declined to hear the demurrer. Plaintiff then moved to strike the demand from the files. Before this motion was heard, Hunter and Winder, by their attorney, filed a second demand for security for costs. The motion to strike the first demand from the files was denied, and later, upon motion of Hunter and Winder, the action was dismissed and judg-

ment entered as heretofore stated. Following this, plaintiff filed a purported notice of appeal in these words:

"[Title of Court and Cause.]

"Notice of Appeal and Request for Transcript Under Section 953a, C. C. P.

"To Honorable D. G. Clayton, Clerk of said Court:

"Sir: You will please take notice that the plaintiff in the above entitled action has appealed to the Supreme Court of the State of California from the order entered by said court on the 10th day of November, 1919, dismissing the above entitled action and do hereby request that a transcript . . . be made up and prepared in compliance with section 953a of Code of Civil Procedure."

Respondents appeared specially before this court to move to dismiss such appeal. This motion was heard and denied, without prejudice, however, "to renewal at hearing of cause on merits." The motion was thereafter renewed, and respondent now contends that the said notice of appeal is not sufficient in that it does not indicate an intention to thereby appeal within the meaning of section 941b of the Code of Civil Procedure. The language of this section is that the party giving the notice "does thereby appeal." The notice here states that appellant "has appealed."

We have considered a number of cases wherein the notice under section 953a was relied on to constitute the notice of appeal. It was said in *Boling* v. *Alton,* 162 Cal. 297, [122 Pac. 461]: "Section 953a merely provides a substitute for a bill of exceptions. It does not purport to authorize an appeal, or prescribe how it may be taken. The language of this notice is a literal compliance with this section. It does not comply with the provisions of section 940 or 941b, prescribing the method of taking an appeal. It states, in effect, that an appeal had been taken, which was not true. . . . We do not think that a notice which is a literal and proper compliance with section 953a, and which merely initiates the statutory proceeding there prescribed for making up the record, should be turned by construction into a notice of appeal and held to be good, as such, under a section with which it does not comply."

In *Marcucci* v. *Vowinckel,* 164 Cal. 693, [130 Pac. 430], it was held: "Because of the frequent misunderstanding of the effect of this section [953a], we repeat that it does not pro-

vide for a notice of appeal and that a notice given under it, in the form there prescribed and without other appropriate words, is not a good notice of appeal. (*Smith* v. *Jaccard,* 20 Cal. App. 280, [128 Pac. 1026] ; *Boling* v. *Alton,* 162 Cal. 298, [122 Pac. 461] ; *Lent* v. *California F. G. Assn.,* 161 Cal. 719, [121 Pac. 1002].) Counsel for respondent do not raise the objection, and we therefore assume that a proper notice of appeal was filed, and that its insertion in the record was waived.''

In *Estate of Faber,* 168 Cal. 491, [143 Pac. 737], it was declared: ''The opening part of the notice of appeal shows the defect relied on. It is as follows: 'Notice is hereby given, pursuant to section 953a of the Code of Civil Procedure, to all persons concerned that the undersigned Mary E. Suffal, desires to appeal and does hereby appeal to the supreme court from the order,' etc. We deem this a sufficient notice in substance, although it is not in good form. It differs from the notices of appeal held insufficient in *Lent* v. *California F. G. Assn.,* 161 Cal. 719, [121 Pac. 1002] , *Boling* v. *Alton,* 162 Cal. 299, [122 Pac. 461], and *Marcucci* v. *Vowinckel,* 164 Cal. 695, [130 Pac. 430], in this,, that it expressly states that Mary E. Suffal 'does hereby appeal' from the order, etc. . . . The notices in the cases cited did not contain any equivalent language, but were plainly phrased for notices to the clerk to prepare the transcript, as, provided by section 953a. This notice expressly states that the petitioner does appeal, and it is therefore good as a notice of appeal under section 941b of the Code of Civil Procedure. The fact that it is drawn to serve the double office . . . does not destroy its effect as a notice of appeal.''

[1] These cases are decisive of the question of the validity of this appeal. No notice was filed under section 941b, and the notice here contains no language which could serve as the equivalent of a notice that the appellant was thereby taking an appeal.

It is unnecessary, therefore, to consider the merits of the purported appeal.

The appeal is dismissed.

Shaw, J., and Shurtleff, J., concurred.