[L. A. No. 6529. In Bank.—August 6, 1921.]

## N. S. WAKABAYASHI, Appellant, v. STAFFORD PACKING COMPANY (a Corporation), Respondent.

[1] CHATTEL MORTGAGES — FORFEITURE UPON DEFAULT — VOID PROVISION.—A provision in a chattel mortgage that upon default the mortgagee may take possession of the mortgaged property and that he shall thereupon become vested with absolute title and the mortgage indebtedness thereby be fully paid, is void under section 2889 of the Civil Code.

[2] ID.—PAYMENTS—APPLICATION.—Moneys paid by the mortgagee to the mortgagor were to be treated as payments upon amounts due to the mortgagor and not as advancements under the mortgage.

APPEAL from a judgment of the Superior Court of Los Angeles County. L. H. Valentine, Judge. Affirmed.

The facts are stated in the opinion of the court.

S. C. Schaefer for Appellant.

W. A. Alderson for Respondent.

WILBUR, J.—This action was brought by the plaintiff to recover the sum of $990 for fish delivered by his assignor, Harry T. Yoshida, to the defendant. Yoshida was a fisherman and the defendant a canning company. An arrangement was made between them by which the defendant paid off an indebtedness upon a fishing motor-boat named "Roma" and took a chattel mortgage to secure the amount thus advanced, amounting to the sum of $2,340.38. This chattel mortgage also provided that it was security for future advances to be made by the defendant to Yoshida. A fishing agreement was entered into between Yoshida and the defendant in addition to the chattel mortgage and note. During the fishing season Yoshida delivered $482.37 worth of fish. During that same period defendant paid out on account of Yoshida $1,492.83, or more than one thousand dollars in excess of the value of the fish delivered to defendant by Yoshida. Thereafter defendant took possession of the boat. It was stipulated that the assignment to the plaintiff

was merely for the purposes of collection and that the plaintiff is for that purpose the agent of Yoshida.

[1] The chattel mortgage provided that upon default the mortgagee might take possession of the motor-boat and would thereupon become vested with absolute title thereto and the mortgagors' indebtedness thereby be fully paid. This portion of the mortgage was clearly void (Civ. Code, sec. 2889). But it was apparently treated by the parties and by the court as valid. The defendant by counterclaim set up the indebtedness from Yoshida to the defendant of $1,492.83, and also by cross-complaint, to which Yoshida was made a party defendant, sought to foreclose the chattel mortgage, but upon the trial announced to the court that inasmuch as it had treated the mortgaged property as its own and in full satisfaction for the balance of indebtedness due it, no foreclosure should be had of the mortgage. Yoshida does not appeal from that portion of the judgment which exonerated him from the mortgage indebtedness, but his agent appeals from that portion of the judgment which denied judgment for the fish delivered by him. [2] The theory of the plaintiff is that the seizure of the vessel and its appropriation by the defendant operated to pay the. entire indebtedness, which included not only the original amount advanced and evidenced by the promissory note thereby secured, but also was a satisfaction of all subsequent advancements and therefore . of the total advancement of $1,492.83, thus leaving the amount of $482.37 still due and owing from the defendant to Yoshida and by assignment to the plaintiff. The defendant kept an account on its books with Yoshida. This account showed that in July Yoshida delivered $315.09 worth of fish; in August, $135.13 worth; in September, $12.15 worth, and in October, $20 worth; total, $482.37. During this same period the defendant paid out upon the order of, and for the account of, Yoshida $1,492.83. All payments made previous to the delivery of fish might be considered as advancements within the meaning of the mortgage, but payments made subsequently on the order and for the account of Yoshida would in effect be payments for the fish delivered by Yoshida. Yoshida was simply credited upon the general account with the amount of fish delivered and debited with the amounts subsequently

paid out for and on his account. These two amounts offset each other, with $1,010.46 balance in favor of the defendant.

While very meager portions of the record are printed in the briefs, we have examined the entire typewritten transcript and are satisfied therefrom that the appellant is not aggrieved by the judgment and that there has been no miscarriage of justice.

A motion to dismiss the appeal was made by the respondent on the ground that the notice was insufficient by reason of the failure to give proper notice that an appeal was taken. There is no merit in this motion. The notice conforms to that held sufficient in _Estate of Faber_, 168 Cal. 491, [143 Pac. 737]. No point is made of the fact that Yoshida does not appeal.

Judgment affirmed.

Sloane, J., Lennon, J., Angellotti, C. J., Shaw, J., Lawlor, J., and Shurtleff, J., concurred.