[Civ. No. 2534.   Third Appellate District.—January 15, 1923.]

GEORGE A. ANDERSON, Appellant, v. STANDARD LUMBER COMPANY (a Corporation), Respondent.

[1] APPEAL—SUFFICIENCY OF NOTICE.—A notice of appeal as follows: "You and each of you will please take notice that the plaintiff in the above-entitled action desires and intends to appeal to the District Court of Appeal of the State of California, Third Appellate District, from the judgment made and entered in said action," etc., is sufficient to give the appellate court jurisdiction.

[2] ID. — LIBERAL CONSTRUCTION OF CODE. — The disposition of the courts is to hear appeals upon their merits and the sections of the code relating to the subject should be liberally construed with a view of promoting such purpose.

[3] ID.—NOTICE OF APPEAL—DIRECTION TO PREPARE TRANSCRIPT.—It is no objection to a notice of appeal that it is a part of the same paper that directs the clerk to prepare a record, as the dual purpose may be accomplished by one paper.

MOTION to dismiss an appeal from a judgment of the Superior Court of Tuolumne County. G. W. Nicol, Judge. Denied.

The facts are stated in the opinion of the court.

H. W. Zagoren for Appellant.

J. B. Curtin for Respondent.

BURNETT, J.—Respondent has moved to dismiss the appeal upon the ground that no actual notice of appeal was ever given. [1] The language adopted by appellant to effect his purpose is as follows: "You and each of you will please take notice that the plaintiff in the above-entitled action desires and intends to appeal to the District Court of Appeal of the State of California, Third Appellate District, from the judgment made and entered in said action," etc. It is the contention of respondent that the foregoing is not equivalent to a notice that the plaintiff "does appeal," but that it simply expresses a purpose or intention to appeal in the future. Respondent calls attention to various code sections, among them, section 941b of the Code of Civil Procedure, and the decisions of the supreme court in *Boling* v. *Alton*, 162 Cal. 297 [122 Pac. 461], and *Wall* v. *Hunter*, 186 Cal. 473 [199 Pac. 775]. Said section 941b provided: "Any person to whom the right of appeal from any judgment, order or decree of the Superior Courts of the state is granted, may appeal therefrom by filing with the clerk of the court in which the judgment, order or decree is rendered, a notice entitled in the cause in which said judgment, order or decree was made, which said notice shall state that the person giving the same does thereby appeal to the Supreme Court or district court of appeal, as the case may be, from the judgment, order or decree, or some specific part thereof," etc. It is to be observed, however, that this section was repealed in 1921 (Stats. 1921, p. 194) before said notice was given herein, it being dated December, 1921, and section 940 of said code was amended so as to read: "An appeal is taken by filing with the clerk of the court in which the judgment or order appealed from is entered, a notice stating the appeal from the same, or some specific part thereof." This repeal seems to have escaped the attention of counsel, and it may be important, since the statute does not now prescribe so *definitely* what the notice of appeal shall contain.

In the Boling case, *supra*, the only notice was: "You will please take notice that the defendant in the above-entitled action, Thomas Alton *has appealed* to the district court of

appeal," etc.    Therein it was truly said "It does not comply
with the provisions of section 940 or 941b prescribing the
method of taking an appeal.    It states, in effect, that an ap-
peal had been theretofore taken which was not true."    Mani-
festly, by no reasonable construction could it have been
held that an *untrue* statement, namely, that an appeal *had
been taken,* was equivalent to a notice of an *actual* appeal.

The same infirmity appeared in *Wall* v. *Hunter,* the notice
being as follows: "You will please take notice that the
above-entitled action *has appealed* to the Supreme Court of
the State of California from the order entered," etc.

On the other hand, appellant claims that the decision in
the *Estate of Nutt,* 180 Cal. 419 [181 Pac. 661], is directly
in point and requires that the motion herein be denied.    It
is true that the notice therein considered does not appear
in the report of the case, but an examination of the original
record shows that the purported notice of appeal was as
follows: "Notice is hereby given by W. Roy Simpson, pro-
ponent in the above-entitled matter, that he *desires to appeal*
to the Supreme Court of the State of California from the
whole of that certain judgment made and entered," etc.
The only difference, it will be observed, between that notice
and the one before us is that herein we have the additional
words "and intends."

To the claim that said decision is controlling herein re-
spondent answers: "Appellant endeavors to sustain his posi-
tion by citing *Estate of Nutt,* 180 Cal. 422 [181 Pac. 661], but
in that case the principal point considered was the question
of not serving the notice of appeal on one party who was
there held not to be an adverse party, and service was not
necessary and while the court does not set out the notice of
appeal as there before the court, the appellant has taken
pains to examine the record on appeal in that case, and from
the instruments copied and annexed to his points it would
seem that *on hearing of the motion, an affidavit was then be-
fore the court* showing omission and the court concluded to
allow the appeal to stand, and hence the notice of appeal
was not set out in the decision, but be that as it may, the
court where the question was squarely before it held in both
*Boling* v. *Alton,* 162 Cal. 299 [122 Pac. 461], and *Wall* v.
*Hunter,* 186 Cal. 473 [199 Pac. 775], that the notice as given
was insufficient and the appeal was dismissed."

Respondent is mistaken as to the principal point considered therein. It was only one of the reasons urged for the dismissal of the appeal. The other was the same as is presented herein, viz., that there was no actual notice of appeal, and this consideration the supreme court treated as follows: "The other ground of the motion to dismiss was that no sufficient notice of appeal was ever filed. As to this ground, we orally stated our views from the bench at the time of the hearing of the motion, to the effect that the notice should be held to be sufficient. No useful purpose would be subserved by further discussion of this point."

It is true that an affidavit was filed in the supreme court by the appellant stating, among other things, "that said notice was filed, as aforesaid, for the express purpose, and with the intention of appealing from the decision of the trial court to the supreme court; that through inadvertence of the clerk in affiant's office, who prepared said notice of appeal, the words 'desires to appeal' were used, instead of the words 'does appeal,' " but it is difficult to understand how the notice could be aided by such an affidavit, and it seems the supreme court paid no attention to it. Herein, a similar affidavit has been filed, but as we understand it, the motion must be determined by the consideration alone of the language used in said notice.

The case of *Wall* v. *Hunter*, cited by respondent, is a later case, but it cannot be held to overrule the decision in the *Estate of Nutt*, since there was no statement therein whatever indicating a present intention to appeal.

[2] Of course, the disposition of the courts is to hear appeals upon their merits and the sections of the code relating to the subject should be liberally construed with a view of promoting such purpose. (*Southern Pac. Co.* v. *Superior Court*, 167 Cal. 250 [139 Pac. 69].)

[3] It may be added that it is no objection to the notice that it is a part of the same paper that directed the clerk to prepare a record as the dual purpose may be accomplished by one paper. (*In re Estate of Faber*, 168 Cal. 491 [143 Pac. 737].) It may be added that this was the situation in the *Estate of Nutt, supra,* wherein the notice was almost identical with that herein.

While it would be more satisfactory if the notice had been more explicit, under the authority cited, it must be held sufficient to give the appellate court jurisdiction and the motion to dismiss the appeal is therefore denied.

Hart, J., and Finch, P. J., concurred.