[Civ. No. 5018. Second Appellate District, Division One.—March 26, 1925.]

## WRIGHT & HOGAN, INC. (a Corporation), Respondent, v. CHARLES R. HEIDE et al., Appellants.

[1] APPEAL — SUFFICIENCY OF NOTICE. — A notice of appeal stating that "The defendant hereby gives notice that he desires, intends to appeal, and has appealed" to the district court of appeal from the findings, conclusions, and judgment of the trial court, is sufficient to give said appellate court jurisdiction to entertain the appeal, although it would be more satisfactory if the notice were more explicit.

---

(1) 3 C. J., p. 1222, n. 25.

1.  See 2 *Cal. Jur.* 312.

MOTION to dismiss an appeal from a judgment of the Superior Court of Los Angeles County. K. S. Mahon, Judge. Denied.

The facts are stated in the opinion of the court.

William A. Spill for Appellants.

MacDonald & Thompson and L. W. Frankley for Respondent.

CURTIS, J.—Motion to dismiss appeal on the ground that no notice of appeal has been filed. In support of said motion the respondent has cited the following decisions of the supreme and appellate courts of this state: *Boling* v. *Alton,* 162 Cal. 297 [122 Pac. 461]; *Marcucci* v. *Vowinckel,* 164 Cal. 693 [130 Pac. 430]; *Michelson* v. *City of Sacramento,* 173 Cal. 108 [159 Pac. 431]; *Eddy* v. *Hunter,* 46 Cal. App. 370 [189 Pac. 291]. These cases, it will be observed, were all decided under section 941b of the Code of Civil Procedure, prior to its repeal in 1921. This section required that a notice of appeal given thereunder "shall state that the person giving the same does thereby appeal" from the judgment or order, and the cases cited by respondent hold that under said section a notice like that in the present action was not sufficient and gave the court no jurisdiction to entertain the appeal. [1] The notice in the present appeal states that "The defendant hereby gives notice that he desires, intends to appeal, and has appealed to the district court of appeal from the findings, conclusions and judgment." This notice was practically the same as that considered by the court in the case of *Anderson* v. *Standard Lumber Co.,* 60 Cal. App. 445 [213 Pac. 65]. The appeal in this last-named case was taken after the repeal of said section 941b, and the court there held that the notice was sufficient and denied a motion to dismiss. In said action the court stated that "The disposition of the courts is to hear appeals upon their merits and the sections of the code relating to the subject should be liberally construed with a view of promoting such purpose." We are in accord with these views of the court and we think the following language, used by the court in said action, is applicable in the present

72 Cal. App.—2

one: "While it would be more satisfactory if the notice had been more explicit, it must be held sufficient to give the appellate court jurisdiction."

Motion to dismiss denied.

Conrey, P. J., concurred.

Houser, J., was absent.