[Civ. No. 4411.   Fourth Dist.   Nov. 18, 1952.]

Estate of JOHN L. ROBERSON, Deceased.   JAMES MARSH et al., Respondents, v. FRANK TILLIE, JR., et al., Appellants.

David W. Williams and Joseph V. Mazziotta for Appellants.

E. John Eriksson and Homer M. Bail for Respondents.

THE COURT.—This is a contest of a will before probate. The respondents filed a contest to a will dated July 18, 1949. A jury found that the deceased was of unsound mind at the time the will was executed. A judgment denying admission of the will to probate was filed on January 12, 1951, and entered on the same day. The proponents moved for a judgment notwithstanding the verdict and for a new trial, which motions were denied on March 12, 1951.

On March 26, 1951, the proponents filed a notice that they "hereby appeal" from the denial of their motion for a nonsuit, from the denial of their motion for a directed verdict, from the denial of their motion for a judgment notwithstanding the verdict, from the denial of their motion for a new trial, and from "the verdict of the jury favoring contestants and from the whole thereof." On the same day, they filed with the clerk a notice and request "for a reporter and clerk's transcript." This notice first recites that the proponents "have heretofore filed notice of appeal from the judgment in said action" and then requests that a reporter's and clerk's transcript be made up and prepared, including all testimony and evidence offered or received, all rulings made, and all objections or exceptions of counsel. It then gives "further notice" that proponents desire to have included in the record on appeal all exhibits, the petition for letters, the petition to revoke will before probate, the answer to that petition, the motion for judgment notwithstanding the verdict, the motion for new trial, and the "findings of fact and conclusions of law."

The appellants' sole contention is that there is a lack of substantial evidence to support the jury's verdict finding that the deceased was of unsound mind at the time the will in question was executed. The matter of the judgment was not mentioned in the opening brief. The respondents first contend that no appeal was taken from the judgment, or from any of the appealable orders mentioned in section 1240 of the Probate Code, and that it follows that this court is without jurisdiction to decide the question presented by appellants. While a motion to dismiss this appeal was earlier denied, we think this contention should be sustained.

The matters mentioned in the notice of appeal are not appealable; an order denying a motion for a new trial (*Estate of Dopkins*, 34 Cal.2d 568 [212 P.2d 886]); an order denying a motion for a nonsuit (*Estate of Patterson*, 220 Cal. 370 [31 P.2d 197]); an order denying a motion for a directed

verdict (*Estate of Alegria,* 87 Cal.App.2d 645 [197 P.2d 571]) ;
an order denying a judgment notwithstanding the verdict
(*Estate of Green,* 25 Cal.2d 535 [154 P.2d 692]) ; and no ap-
peal lies from the verdict (*Estate of Schlyen,* 105 Cal.App.2d
648 [234 P.2d 211].)

■ It has been held that a notice of appeal, if otherwise
sufficient, may be a part of the same paper directing the
clerk to prepare a record. And also that a notice of appeal
is sufficient which states that the appealing party ''desires
and intends to appeal from the judgment.'' (*Purity Springs
W. Co.* v. *Redwood Ice Delvy.,* 203 Cal. 286 [263 P. 810] ;
*Anderson* v. *Standard Lbr. Co.,* 60 Cal.App. 445 [213 P. 65] ;
*Magruder* v. *City of Redwood,* 203 Cal. 665 [265 P. 806] ;
*Mamer* v. *Superior Court,* 15 Cal.2d 569 [103 P.2d 961].)

Under a former statute, requiring that the notice of appeal
give notice that the party ''does thereby appeal,'' it was held
that a notice to a clerk requesting a transcript which stated
that the appealing party ''has appealed'' was not a sufficient
compliance with the statute (*Wall* v. *Hunter,* 186 Cal. 473
[199 P. 775]) ; and that a notice which merely called for the
preparation of a record should not ''be turned by construc-
tion into a notice of appeal and held to be good, as such, under
a section with which it does not comply.'' (*Boling* v. *Alton,*
162 Cal. 297 [122 P. 461].)

The requirements for a notice of appeal are now stated in
rule 1 (a) of the Rules on Appeal, which provides that an
appeal from a judgment is taken by filing a notice of appeal
therefrom; that such a notice is sufficient ''if it states in
substance that the appellant appeals from a specified judg-
ment''; and that a notice of appeal shall be liberally con-
strued in favor of its sufficiency. The question here is whether
a sufficient notice of appeal from the judgment was given,
within the meaning of this rule.

■ This rule requires the filing of a notice containing the
statement, in substance, that the appellant appeals from some
specific thing. It is simple and easily complied with and, rea-
sonably construed, it seems to refer to and require that the
notice affirmatively state, in some form, a present intention
to appeal from a designated judgment or order. ■ While
the notice of appeal complied with this rule, with respect to
the nonappealable matters, it made no mention of the judg-
ment which had been entered more than two months previ-
ously. The notice to prepare a transcript made no attempt
to comply with this rule, and discloses on its face that it was

not intended for that purpose, and not intended as giving notice of a present intention to appeal from the judgment or from anything else. The statement that a notice of appeal from the judgment had been "heretofore filed" was merely incidental to a request for a record. It could have reference only to what had been otherwise done and not to what was then being done, and it does not state, in substance or otherwise, that an appeal was being taken by means of that notice from the judgment or from anything else. This notice in no way indicates that it was intended in itself to express or disclose an intention of taking an appeal from the judgment. (*Wall* v. *Hunter, supra.*) That it was not intended as a notice of a different appeal, in addition to the one "heretofore filed" is further indicated by the fact that it included no request that the judgment be included in the transcript. Instead of indicating in any way that this notice was also intended as a notice of appeal from the judgment, it clearly states that such a notice of appeal had been "heretofore filed."

While the notice required by rule 1 (a) is to be liberally construed in order to carry out the purpose of the rule, the rule itself requires a statement showing, at least in substance, that an appeal is being taken by or through the means of that notice. The clear meaning seems to be that the notice of appeal provided for shall substantially state a present intention, and shall show that the party is, by means of that notice, presently appealing from some specified thing. The notice to prepare transcripts was clearly not intended as a compliance with this rule. In the face of its language and expressed purpose it should not be construed into an additional and new notice of appeal. An unexpressed intention or desire to appeal from the judgment should not be read into that notice under the guise of a liberal construction. The most that can be said concerning this notice, respecting an appeal from the judgment, is that the one who prepared it thought he had theretofore appealed from the judgment by appealing from the verdict. In our opinion, it would open the door to all manner of abuses to hold that a substantial compliance with this rule here appears, insofar as an appeal from the judgment is concerned.

The several appeals here attempted are dismissed.

A petition for a rehearing was denied December 9, 1952, and appellants' petition for a hearing by the Supreme Court was denied January 15, 1953.