[Civ. No. 18534.   First Dist., Div. One.   Dec. 4, 1959.]

Estate of ALICE M. SMITH, Deceased. HARRY H. CARPENTER, Appellant, v. CHARLES H. JOHNSON, as Administrator with Will Annexed, etc., Respondent.

C. Jay Hollander and Edward R. Fitzsimmons for Appellant.

Emmet L. Rittenhouse for Respondent.

FOLEY, J. pro tem.*—Alice M. Smith died in Watsonville, Santa Cruz County, California, on June 12, 1958. She left a will and codicil thereto. The will appointed Margaret G. Cobb executrix to serve without bond. Margaret Cobb, in writing, renounced her rights to letters testamentary and requested the court to appoint Charles H. Johnson, Public Administrator, as the administrator of the estate.

On June 25, 1958, Charles H. Johnson, respondent herein, filed his petition for probate of the will and codicil and for letters of administration with the will annexed. On June 30, 1958, Harry H. Carpenter, appellant herein and a nephew of the decedent, filed his petition for letters of administration with the will annexed. Hearings on both petitions were set for July 11, 1958, at which time the court admitted the will and codicil to probate and ordered the issuance of letters of administration with the will and codicil annexed to Charles H. Johnson, Public Administrator of the County of Santa Cruz.

On July 21, 1958, appellant Carpenter filed a notice of motion to vacate the order of July 11, 1958, appointing respondent Johnson administrator with the will annexed and for a new trial. The motions came on for hearing on September 5, 1958, and both motions were denied.

At the oral argument before this court a question arose as to the scope of the notice of appeal in this matter. Both parties were granted additional time to brief this question. This has been done and the cause stands submitted.

The first question which we are called upon to decide is whether or not an appeal has been taken herein from any appealable order.

The notice of appeal reads as follows: "To THE CLERK OF THE ABOVE ENTITLED COURT: You will please take notice that

---

*Assigned by Chairman of Judicial Council.

Petitioner, HARRY H. CARPENTER, hereby appeals to the District Court of Appeal, First Appellate District, State of California, *from the Order Denying Motion to Vacate Order and for New Trial* therein entered in the said Superior Court on the 5th day of September, 1958, in favor of CHARLES H. JOHNSON, Public Administrator, and against said petitioner; and from the whole thereof." (Emphasis added.)

The notice to prepare clerk's and reporter's transcripts reads as follows: "TO THE CLERK OF THE ABOVE ENTITLED COURT: Please take notice that the petitioner, HARRY H. CARPENTER, in the above-entitled action has heretofore filed Notice of Appeal from the Order Denying Motion to Vacate Order and for New Trial in said action and hereby requests that a Clerk's Transcript and a Reporter's Transcript, consisting of the following documents on file with said clerk and reporter, be made up and prepared:

"*All of the pleadings, motions, affidavits and memoranda and the reporter's transcript of the hearing on the Motion to Vacate Order and for New Trial heard on September 5, 1958.*" (Emphasis added.)

Appellant now concedes that the order of September 5, 1958, denying the motion to vacate the order of July 11, 1958, and denying the motion for a new trial, is not an appealable order.

An order denying a motion to vacate a former order made in a probate proceeding is not an appealable order. (*Estate of Duke,* 41 Cal.2d 509, 515-516 [261 P.2d 235].) Section 1240 of the Probate Code lists appealable orders. So far as here pertinent said section reads: "An appeal may be taken to the Supreme Court from an order granting . . . letters . . . of administration. . . ." It does not provide for an appeal from an order denying a motion to vacate a prior order appointing an administrator.

Also an order denying a motion for a new trial in a probate proceeding is not an appealable order. (*Estate of Dopkins,* 34 Cal.2d 568 [212 P.2d 886] ; *Estate of Keeney,* 140 Cal.App.2d 688 [295 P.2d 479, 297 P.2d 636] ; *Estate of Roberson,* 114 Cal.App.2d 267 [250 P.2d 179].) Section 1240 of the Probate Code which sets forth the appealable orders in probate does not provide for an appeal from an order denying a motion for a new trial.

Appellant contends, however, that the notice of appeal herein aided by the notice to prepare clerk's and reporter's transcripts, lays a proper foundation for a review by this court

of that portion of the order of July 11, 1958, wherein letters of administration were issued to Charles H. Johnson. The order of July 11, 1958, is clearly an appealable order.

To support this contention appellant has cited a number of cases all of which apply the recognized rule of liberal construction of notices of appeal to effect a hearing on the merits.

Although we have considered all of these cases, we have concluded that the decision in the case of *Estate of Roberson, supra,* 114 Cal.App.2d 267, in which a hearing was denied by the Supreme Court, should be followed here.

The court in *Estate of Roberson, supra,* had before it a record on appeal almost identical with that now before this court.

The following language from said decision, pages 269-270, is most pertinent: "The requirements for a notice of appeal are now stated in rule 1(a) of the Rules on Appeal, which provides that an appeal from a judgment is taken by filing a notice of appeal therefrom; that such a notice is sufficient 'if it states in substance that the appellant appeals from a specified judgment'; and that a notice of appeal shall be liberally construed in favor of its sufficiency. The question here is whether a sufficient notice of appeal from the judgment was .given, within the meaning of this rule.

"This rule requires the filing of a notice containing the statement, in substance, that the appellant appeals from some specific thing. It is simple and easily complied with and, reasonably construed, it seems to refer to and require that the notice affirmatively state, in some form, a present intention to appeal from a designated judgment or order. While the notice of appeal complied with this rule, with respect to the nonappealable matters, it made no mention of the judgment which had been entered more than two months previously. The notice to prepare a transcript made no attempt to comply with this rule, and discloses on its face that it was not intended for that purpose, and not intended as giving notice of a present intention to appeal from the judgment or from anything else. The statement that a notice of appeal from the judgment had been 'heretofore filed' was merely incidental to a request for a record. It could have reference only to what had been otherwise done and not to what was then being done, and it does not state, in substance or otherwise, that an appeal was being taken by means of that notice from the judgment or from anything else. This notice in no way indicates that it was intended in itself to express or disclose an intention of taking an appeal from the judgment. (*Wall* v. *Hunter, supra.*) That it was

not intended as a notice of a different appeal, in addition to the one 'heretofore filed' is further indicated by the fact that it included no request that the judgment be included in the transcript. Instead of indicating in any way that this notice was also intended as a notice of appeal from the judgment, it clearly states that such a notice of appeal had been 'heretofore filed.'

"While the notice required by rule 1(a) is to be liberally construed in order to carry out the purpose of the rule, the rule itself requires a statement showing, at least in substance, that an appeal is being taken by or through the means of that notice. The clear meaning seems to be that the notice of appeal provided for shall substantially state a present intention, and shall show that the party is, by means of that notice, presently appealing from some specified thing. The notice to prepare transcripts was clearly not intended as a compliance with this rule. In the face of its language and expressed purpose it should not be construed into an additional and new notice of appeal. An unexpressed intention or desire to appeal from the judgment should not be read into that notice under the guise of a liberal construction. The most that can be said concerning this notice, respecting an appeal from the judgment, is that the one who prepared it thought he had theretofore appealed from the judgment by appealing from the verdict. In our opinion, it would open the door to all manner of abuses to hold that a substantial compliance with this rule here appears, insofar as an appeal from the judgment is concerned.

"The several appeals here attempted are dismissed."

The document which purported to take an appeal from the order denying the motion to vacate and the motion for a new trial was so specific in its reference to that order that it cannot be given any effect as an appeal from the order appointing an administrator. (*Wilbur* v. *Cull*, 127 Cal.App.2d 655, 656 [274 P.2d 424].) The notice to prepare a clerk's and reporter's transcript made no attempt to comply with the rule requiring the filing of a notice containing the statement in substance that the appellant appeals from some specific judgment. Said notice to prepare transcripts discloses on its face that it was not intended for that purpose and was not intended as giving notice of a present intention to appeal from the order appointing administrator.

While the notice to prepare transcripts requested all the pleadings, motions, affidavits, and memoranda, it did not

mention the order appointing administrator. Such an order is not included in, covered by, or a part of "pleadings, motions, affidavits and memoranda."

The purported appeals are dismissed.

Bray, P. J., and Tobriner J., concurred.