[Civ. No. 8958. Fourth Dist., Div. Two. May 6, 1968.]

Estate of CHARLES A. BARTHOLOMAE, Deceased. CITA ARENA, Plaintiff and Respondent, v. CARMELA M. BARTHOLOMAE et al., Defendants and Appellants.

Paul Caruso and John C. Gregory for Defendants and Appellants.

Wright & Finley and Dudley K. Wright for Plaintiff and Respondent.

McGOLDRICK, J. pro tem.*—Petitioners appeal from the following orders of the superior court: (1) denial of their motion for a directed verdict, (2) granting respondent's motion for a general mistrial, and (3) order setting aside and declaring void the special verdicts of the jury.

These orders arise out of a contest of a will before probate. Charles A. Bartholomae died testate on November 22, 1964; he was a resident of Orange County. A petition for the probate of his last will and testament was filed on December 17, 1964 by Security First National Bank and Paul Caruso, coexecutors. The names of the devisees and legatees in the will are as follows: Carmela M. Bartholomae, the deceednt's wife; Carlos Bartholomae, the decedent's son; and Cita Arena, the decedent's daughter of a former marriage.

Cita Arena was disinherited under the terms of the will, the testator leaving her the nominal sum of $1. Written objections to the will were filed by Cita Arena on January 28, 1965.

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

The grounds of contest were: (1) improper execution, (2) fraud, (3) undue influence, and (4) insane delusions.

Midway through the trial respondent abandoned her claim that the will was improperly executed. The jury returned special verdicts that the will was not executed or published as the result of fraud or undue influence; no conclusion was reached by the jury on the issue of insane delusions. A judgment was not entered upon the verdicts. Respondent moved for a general mistrial and a vacation of the special verdicts on the grounds that the jury's findings were incomplete. The appellants moved for a directed verdict. On April 13, 1967, the court denied the motion for a directed verdict and granted the motion for a mistrial and set aside and declared void the special verdicts returned by the jury. As we stated at the outset, it is from the aforementioned orders that petitioners appeal.

It is respondent's contention that the orders are not appealable. It is our view that this position is correct for the following reasons. No appeal lies from a verdict in a will contest, nor from orders denying a new trial, a nonsuit, a directed verdict, and a judgment notwithstanding the verdict, these not being among the appealable orders mentioned in Probate Code, section 1240; *Estate of Roberson,* 114 Cal.App. 2d 267, 268-269 [250 P.2d 179]; *Estate of Alegria,* 87 Cal. App.2d 645, 659 [197 P.2d 571]; and 3 Witkin, California Procedure (1954) p. 2163. It also follows that an order vacating and setting aside a special verdict is equally nonappealable. (Prob. Code, § 1240.)

The sole question that remains to be decided in this appeal is whether an order granting a general mistrial is an appealable order. The appellants devote a major part of their brief to the contention that an order granting a general mistrial is functionally identical to an order granting a new trial, under Code of Civil Procedure, section 657, which is clearly an appealable order. (Code Civ. Proc., § 963.) They further contend that since section 657, *supra,* specifically provides for a new or further trial on "all or part of the issues" to require a new trial because of a failure of the jury to resolve all of the issues would clearly be contrary to the express statutory language. This is a nonsequitur. We have previously alluded to Probate Code, section 1240, as enumerating all of the orders of the Probate Code which are appealable. This section does not mention an order granting a motion for a mistrial and under *Estate of Roberson, supra,* 114 Cal.App.2d

267, no appeal will lie from any order in probate not specified in Probate Code, section 1240.

 A mistrial and a new trial are unlike in both name and effect. A mistrial is equivalent to no trial; it is a nugatory trial. A new trial recognizes a completed trial which for sufficient reasons has been set aside so that the issues may be tried de novo. A court has no power whatever to make an order based on a mistrial. (*Reimer* v. *Firpo,* 94 Cal.App.2d 798, 800-802 [212 P.2d 23]; 3 Witkin, Cal. Procedure (1954) p. 2072; 36 Cal.Jur.2d, p. 129; Code Civ. Proc., § 656.) It has been held that a premature motion for a new trial will be interpreted as a motion for a declaration of a mistrial and that the order granting the motion is not appealable. (*Barendregt* v. *Downing,* 175 Cal.App.2d 733, 736 [346 P.2d 870]; *Reimer* v. *Firpo, supra.*)

Since the orders appealed from are not appealable, this court cannot entertain this appeal. Moreover, where an appeal does not lie, the Court of Appeal has no jurisdiction to entertain it and may dismiss it on its own motion. (*Estate of Vai,* 168 Cal.App.2d 147, 149 [335 P.2d 501].)

For the reasons stated the appeal is dismissed.

Kerrigan, Acting P. J., and Tamura, J., concurred.