Merklin, et al. Appellants, *v.* Philadelphia
Suburban Water Company et al.

Argued December 11, 1975. Before WATKINS, P. J.,
JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT,
and SPAETH, JJ.

*Andrew Elash*, with him *Galen D. Hawk, Alexander
B. Giacobetti*, and *Wright, Spencer, Manning & Sagendorph*, and *Richter, Syken, Ross & Levant*, for appellants.

*Joseph J. Murphy*, with him *Robert J. Murphy*, *Thomas W. Murphy*, and *Murphy, Murphy & Murphy*, for appellees.

OPINION BY PRICE, J., March 29, 1976:

Appellants in this case contend that it was error for the court en banc to grant a compulsory non-suit *after* the trial judge had declared a mistrial. For the reasons which follow, we agree, and grant appellants a new trial.

This appeal arises from the trial of a motor vehicle collision case. On the second day of trial a colloquy took place between the respective attorneys and the judge, wherein counsel for the appellees stated that he wished to argue certain motions, but that he would do so only if appellants' case on liability was closed. Appellants' counsel agreed that his case on liability was completed. Appellees then moved for a compulsory non-suit on the ground that appellants had failed to identify, either by the pleadings or by testimony, the party who struck appellants' car. Appellees' motion for compulsory non-suit was taken under advisement by the trial judge.

The trial was reconvened the following day, at which time appellants' counsel sought leave of court to reopen his case as to liability. This request was denied. Subsequently, during the testimony of appellants' medical witness, certain prejudicial remarks were made by the witness, prompting appellees' motion for a mistrial. A mistrial was then declared.

Approximately six months later, appellees' prior motion for compulsory non-suit was granted by the court en banc. Appellants' motion to take off compulsory non-suit was denied by the court en banc on February 27, 1975.

Appellants first contend that it was error for the court to grant a compulsory non-suit on the basis of a motion which the trial judge had taken under advise-

ment prior to his declaration of a mistrial.[1] It is a question of first impression in Pennsylvania. Both statutory and case law are silent as to the *procedural effect* of a mistrial.

There are several cases outside our jurisdiction, however, which deal directly with the procedural results stemming from a mistrial. *In Re Bartholomae's Estate*, 261 Cal. App. 2d 839, 68 Cal. Rptr. 332 (1968), involved a court's grant of a mistrial. The California Court of Appeals used the following language to describe a mistrial's procedural effects.

"A mistrial and a new trial are unlike in both name and effect. A mistrial is equivalent to no trial; it is a nugatory trial." 261 Cal. App. 2d at 842, 68 Cal. Rptr. at 334.

The United States District Court of New Jersey, in *United States v. Mischlich*, 310 F. Supp. 669 (D.N.J. 1970), *aff'd*, 445 F.2d 1194 (3d Cir. 1971), *cert. denied*, 404 U.S. 984 (1971), supplied this analysis of the manner in which prior proceedings are affected by a mistrial:

"The declaration of a mistrial renders nugatory all trial proceedings with the same result as if there had been no trial at all.... The situation which exists is analogous to that which results from an appellate reversal and remand for new trial.... The parties are returned to their original positions and, at the new trial, can introduce new evidence and assert new defenses not raised at the first trial." 310 F. Supp. at 672.

Cases in several other jurisdictions rely on the definitional section of 58 C.J.S. *Mistrial* at 833-834 (1948) which describes a mistrial as:

"An erroneous, invalid, or nugatory trial; ... a trial legally of no effect by reason of some error in the proceedings; a proceeding which has miscarried and the consequence is not a trial; a failure of trial.

---

1. This issue has been properly preserved by the appeal taken from the refusal by the court en banc to lift the compulsory non-suit.

"In legal effect a mistrial is equivalent to no trial at all...."

The effect of a mistrial upon prior proceedings, as illustrated in the authorities cited above, dictates the result we must reach on the present facts. When a mistrial was declared, the previous trial proceedings were completely erased, as if they had never taken place. Both the parties and the case returned to the pre-trial stage. There was no basis upon which the court en banc could grant appellees' motion for a compulsory non-suit because the proceedings and record upon which this motion was based were no longer legally extant. Along with the rest of the aforementioned trial proceedings, appellees' motion for a compulsory non-suit lost all viability and effect from the moment a mistrial was declared.

Because the motion for non-suit in this case was made and taken under advisement by the trial judge prior to the declaration of a mistrial, the application of the rule announced herein may appear somewhat harsh and unfair to the appellees. Nevertheless, as we have shown, the nature of a mistrial dictates this result. Further, we must point out that proper procedure in dealing with motions at the trial level will obviate this problem. Any pending motion which could be dispositive of a proceeding should be decided prior to a motion for a mistrial. In the present case, this problem would not have occurred had the motion for non-suit been ruled on prior to the motion for a mistrial.

Our decision on the effect of the mistrial in this case renders appellants' other arguments moot.

The order of the lower court is vacated and the case is remanded for a new trial.