J-S71034-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| TERRA FIRMA BUILDERS, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM M. KING, A/K/A  BILLY M. | : | |
| KING, AND MELANIE L. KING,  A/K/A | : | |
| MELANIE L. FRANTZ | : | No. 1521 EDA 2019 |
| | : | |
| Appellants | : | |

Appeal from the Judgment Entered July 9, 2019
In the Court of Common Pleas of Delaware County Civil Division at
No(s):  No. CV-2013-1580,
No. CV-2013-4202, No. CV-2015-1536

| | | |
|---|---|---|
| TERRA FIRMA BUILDERS, LLC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| WILLIAM KING AND MELANIE L. | : | No. 2045 EDA 2019 |
| KING A/K/A MELANIE L. FRANTZ | : | |

Appeal from the Judgment Entered July 9, 2019
In the Court of Common Pleas of Delaware County Civil Division at
No(s):  CV-2015-001536

BEFORE:  BOWES, J., MURRAY, J., and McLAUGHLIN, J.

DISSENTING MEMORANDUM BY BOWES, J.:          Filed: August 20, 2020

My distinguished colleagues find that the trial court did not abuse its

discretion in excluding the testimony of Robert J. Illo, the Kings' expert

architect and engineer, from the second trial of this case, because his

amended expert report was filed after the close of discovery.[1] The amended report, dated August 28, 2018, was sent to Terra Firma by certified mail that day, more than two months before the November 2, 2018 scheduled re-trial of this case, and three months before the actual trial. Since Terra Firma did not establish that it was prejudiced by the timing of the amended expert report, I believe the trial court abused its discretion in this regard, and that a new trial is required. Hence, I respectfully dissent.

Mr. Illo was excluded as an expert at the first trial on the ground that his report did not contain the methodology he used in calculating the value of the work performed by Terra Firma. Nonetheless, the trial court erroneously relied upon Mr. Illo's conclusions in awarding the Kings $27,266.30 on their counterclaim. Terra Firma filed a post-trial motion alleging that the trial court erred in relying upon a report that was not in evidence, the trial court acknowledged its mistake, and it ordered a new trial pursuant to Pa.R.C.P. 227.1.

On August 28, 2018, well in advance of the scheduled new trial, the Kings provided to Terra Firma Mr. Illo's amended expert report, in which he defined the methodology used in arriving at the conclusions contained in his

---

[1] The deadline for identification of the Kings' expert witnesses and furnishing of expert reports was September 21, 2017, for trial commencing October 19, 2017. The Kings complied with that deadline. After a new trial was ordered, the trial court did not issue a new case management order for the identification of experts and submission of their reports.

original report, and itemized the values he assigned to the tasks performed. On October 5, 2018, Terra Firma filed a motion to preclude Mr. Illo's amended report, as well as his testimony, alleging that the amended report was "late-filed and inadmissible" as discovery had long been closed. *See* Motion to Preclude Mr. Illo's Amended Report, at ¶24. Terra Firma alleged further that the granting of the new trial pursuant to Pa.R.C.P. 227.1 did not reopen discovery. *Id*. at ¶26. It pled that it would be "patently unfair and unjust to allow [the Kings] to submit an amended expert report after they gained knowledge of [Terra Firma's] trial strategy." *Id*. at ¶30. The trial court granted Terra Firma's motion on October 24, 2018, and excluded the expert and his amended report from the second trial.

The second trial commenced on December 12, 2018. The Kings renewed their proffer of the testimony of Mr. Illo, and sought admission of his amended expert report. Again, the trial court denied the request. In its subsequent opinion, the trial court held that the Kings could not offer or seek admission of additional evidence at the new trial because Pa.R.C.P. 227.1, which was the basis for the new trial herein, "does not provide a mechanism to reopen discovery." Trial Court Opinion, 8/22/19, at 5. Moreover, the court stated that it did not issue a new case management order when it ordered the new trial, and therefore "made no allowances for new or extended discovery deadlines." *Id*. The court concluded that its mistake in relying upon the inadmissible report "cannot be a basis for which [the Kings] can seek to

introduce an amended expert report to get a second bite of the apple." *Id*. at 6. In its view, the Kings' position "would lead to an untenable result that would clearly unfairly prejudice [Terra Firma]." *Id*.

A new trial is just that --- a new trial. Unless specifically limited, the grant of a new trial "means a new trial generally; it restores a case to the status it had before the trial took place and is fully open to be tried *de novo* as to all parties and all issues." *Rivera v. Philadelphia Theological Seminary of St. Charles Borromeo, Inc.*, 507 A.2d 1, 11 (Pa. 1986). The parties are not restricted to the evidence introduced at the first trial. That is true whether it is the trial court granting a new trial pursuant to Pa.R.C.P. 227.1, or this Court ordering a new trial on appeal. *See Merklin v. Philadelphia Suburban Water Co.*, 361 A.2d 754, 755 (Pa.Super. 1976) (noting when case is reversed and remanded for a new trial, the parties can introduce new evidence and assert new defenses not raised at the first trial).

In my view, the propriety of excluding Mr. Illo because his amended report was filed after the discovery deadline is governed by Pa.R.C.P. 4003.5, and the case law interpreting that rule. Rule 4003.5(c) provides that expert opinion testimony should be limited as follows:

> To the extent that the facts known or opinions held by an expert have been developed in discovery proceedings . . . his direct testimony at the trial may not be inconsistent with or go beyond the fair scope of his testimony in the discovery proceedings as set forth in his deposition, answer to an interrogatory, separate report, or supplement thereto.

Pa.R.C.P. 4003.5(c).

- 4 -

"[T]he purpose of Pa.R.C.P. 4003.5 is to prevent surprise." ***Miller v. Brass Rail Tavern, Inc.***, 664 A.2d 525, 530 n.3 (Pa. 1995). I submit that the language providing that an expert's trial testimony cannot go beyond his "separate report or supplement thereto" expressly contemplates and permits experts to supplement their reports. ***See also*** Pa.R.C.P. 4007.4(1) (requiring parties and experts to supplement responses regarding subject matter on which each expert is expected to testify as provided in Pa.R.C.P. 4003.5(a)(1)). Notably, this rule does not place any time limitations on the exchange of expert reports or the filing of supplemental responses. As a matter of practice, expert reports are often furnished with pretrial statements, or as directed in case management orders, usually after the close of discovery. It is also customary for parties to reserve the right to file supplemental expert reports.

Generally, the issue with the filing of an amended or supplemental expert report after the deadline for submission of expert reports is whether the report injects new theories, and if so, whether the other side has an adequate opportunity to respond prior to trial. In ***Keffer v. Bob Nolan's Auto Serv.***, 59 A.3d 621, 633-34 (Pa.Super. 2012), a defense expert filed a supplemental report containing opinions responsive to the supplemental report of the plaintiff's expert. The plaintiff moved to strike that report on the ground that it introduced a new theory and was untimely. The trial court denied the motion and permitted the expert to testify based on the

supplemental report. This Court affirmed, adopting the reasoning of the trial

court that:

> The record is devoid of any evidence of a willful violation of the discovery rules or bad faith by the [d]efendants. The [d]efendants did not hide the identity of their expert and did not attempt a "trial by ambush." On the contrary, [the] supplemental report was necessary only because [plaintiff's] supplemental report introduced new issues in responding to [the defense expert's] two prior reports.

*Id*. at 654.

As the Kings correctly point out, even experts who have not been

identified or submitted reports prior to the close of discovery have been

permitted to testify.[2] In **Feingold v. SEPTA**, 517 A.2d 1270 (Pa. 1986), ten

expert reports were filed after the discovery deadline. In reviewing the trial

court's rulings that these experts were permitted to testify, our Supreme Court

held that trial courts should consider the following factors: "(1) the prejudice

or surprise in fact of the party against whom the excluded witnesses would

have testified, (2) the ability of that party to cure the prejudice, (3) the extent

to which waiver of the rule against calling unlisted witnesses would disrupt the

orderly and efficient trial of the case or of other cases in the court, and (4)

bad faith of (sic) willfulness in failing to comply with the court's order." **See**

**also Gill v. McGraw Electric Co**., 399 A.2d 1095, 1102 (Pa.Super. 1979)

---

[2] Pa.R.C.P. 4003.5(b) provides that expert witnesses who are not **identified** in accordance with subsection (a)(1), "shall not be permitted to testify on behalf of the defaulting party at the trial of the action. However, if the failure to disclose the identity of the witness is the result of extenuating circumstances beyond the control of the defaulting party, the court may grant a continuance or other appropriate relief."

(*en banc*) (citing same four factors for consideration when deciding whether a witness should be precluded for failing to comply with pre-trial orders).

The foregoing cases illustrate that rigid adherence to deadlines in such circumstances is in tension with our rules and prevailing decisional law. While trial courts may preclude an expert from testifying based upon violation of discovery order or deadline, its discretion is implicated. The court, guided by factors such as those in **Feingold**, must assess prejudice. This Court has defined prejudice as "any substantial diminution of a party's ability to properly present its case at trial," not simply damage to the opponent's case. **Florig v. Estate of O'Hara**, 912 A.2d 318, 325 (Pa.Super. 2006) (citing **Metz Contracting Inc. v. Riverwood Builders, Inc.**, 520 A.2d 891, 894 (Pa.Super. 1987); **Albert v. Alter**, 381 A.2d 459, 465 n.2 (Pa.Super. 1977). Terra Firma's claim that it would be prejudicial to permit the expert to amend his report because the Kings knew its trial strategy, as well as the trial court's belief that its mistake should not give the Kings a second bite of the proverbial apple, falls into the latter category.[3]

The trial court was under the misimpression that the discovery deadline for the first trial controlled, and that it lacked discretion under Pa.R.C.P. 227.1, to permit the parties to supplement reports or offer additional evidence at the

---

[3] It is often the case that trial court error necessitates a new trial. I see no bar to parties availing themselves of new strategies or curing evidentiary deficiencies at a new trial.

re-trial of the case. Hence, the court did not exercise its discretion and consider the ***Feingold*** factors prior to excluding Mr. Illo from testifying at the re-trial. Since there was no showing by Terra Firma that Mr. Illo's proffered testimony would cause prejudice, unfair surprise, or disruption to the second trial, or that the amended report was prepared in bad faith, I believe it was an abuse of discretion to preclude Mr. Illo from testifying within the scope of his expert reports. Hence, I would remand this case for yet another new trial at which Mr. Illo would be permitted to offer expert testimony consistent with his reports. Terra Firma would be allowed to seasonably obtain a supplemental report from its expert, or even a new expert, to address the methodology employed by Mr. Illo.

For the foregoing reasons, I dissent.