Filed 7/30/24  Riaz v. Altura Centers for Health CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| SAMREEN RIAZ, | F085852 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. VCU276991) |
| ALTURA CENTERS FOR HEALTH, | **OPINION** |
| Defendant and Respondent. | |

-ooOoo-

APPEAL from a judgment of the Superior Court of Tulare County.  Bret D. Hillman, Judge.

Samreen Riaz, in pro. per., for Plaintiff and Appellant.

Motschiedler, Michaelides, Wishon, Brewer & Ryan and Russell K. Ryan for Defendant and Respondent.

-ooOoo-

Samreen Riaz (plaintiff) sued Altura Centers for Health (Altura) for unlawful termination of her employment.  Altura secured a defense verdict at trial.  Plaintiff now challenges the denial of a motion for new trial and also alleges various pretrial errors.

Plaintiff elected not to include a reporter's transcript in the record on appeal.  "It is well settled, of course, that a party challenging a judgment has the burden of showing

reversible error by an adequate record." (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574.) This principle is relied upon by Altura in its respondent's brief, but plaintiff has never attempted to augment the appellate record. Nor has she filed a reply brief.

The absence of a reporter's transcript forecloses many of the claims in this appeal. Plaintiff's briefing is also difficult to comprehend. Despite those issues, we have tried our best to decipher plaintiff's arguments and determine whether there are grounds for reversal. Finding none, we affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

### *Prelitigation Events*

Plaintiff worked for Altura as a salaried dentist. In a letter dated May 8, 2018, Altura's legal counsel informed plaintiff that her employment was being terminated for cause. Plaintiff was accused of "1. Being employed at a competing dental clinic … in violation of Altura's policies re 'moonlighting'"; "2. [Unprofessional] and discourteous treatment and demonstrating a poor attitude toward Altura employees … as well as Altura patients"; "3. Engaging in behavior that [was] potentially harassing towards Altura employees, including dental assistants, often treating dental assistants and others with disrespect"; and "4. Performing dental work that [fell] below the standard of care and/or charging/billing for work that was not done, or properly done."

After receiving the termination letter, plaintiff wrote to Altura's chief executive officer and alleged she was "fired in retaliation for bringing OSHA/HIPAA violations as well as bringing claims of harassment and bullying from some of the employees at Altura to HR's attention." (Some capitalization omitted.) Plaintiff claimed to be suffering "emotional distress" because of the "wrongful termination." She threatened litigation unless Altura provided "a severance package of six months of pay."

Altura responded through its legal counsel. In a letter dated May 11, 2018, Altura's counsel stated, "There is absolutely no record of evidence of any alleged claim of an OSHA violation made by you, a claim of unlawful harassment or any other such

claim. … Your allegations of such claims are groundless and appear to be nothing more than the rantings of a disgruntled former employee that have absolutely no credence."

*Pleading and Pretrial Stages*

Plaintiff retained the services of Fresno attorneys Michael J.F. Smith and John L. Migliazzo. While represented by Smith and Migliazzo, plaintiff sued Altura for whistleblower retaliation under Labor Code section 1102.5 and for wrongful discharge in violation of public policy. The operative first amended complaint was filed in May 2019. Altura answered the complaint and denied liability.

In January 2020, Smith and Migliazzo moved to withdraw as plaintiff's counsel. The motion was granted the following month. Plaintiff was self-represented until May 28, 2020, when a Los Angeles area law firm, Severo, PLC (Severo), formally substituted into the case.

The attorney/client relationship between plaintiff and Severo quickly deteriorated. In July 2020, Severo filed a motion to be relieved as counsel. The trial court denied the motion without prejudice. Severo filed numerous additional motions to withdraw, but the trial court denied them for reasons that included plaintiff's questionable mental health. In June 2021, the trial court found plaintiff "to be suffering from a mental disability" that necessitated a "stay" of the entire action.

In April 2022, plaintiff's treating psychiatrist declared her "psychologically fit to stand a civil trial herself and[/]or assist counsel if needed." Based on the psychiatrist's assessment, the trial court "lift[ed] the stay" and scheduled trial for February 2023. The trial court also permitted Severo to withdraw from the case. Plaintiff did not retain new counsel; she continued on in propria persona.

*Trial and Posttrial Proceedings*

A five-day jury trial resulted in a defense verdict. Judgment was entered in favor of Altura on February 15, 2023. Plaintiff then attempted to move for a new trial on an ex

parte basis. The trial court denied the ex parte request but scheduled a motion hearing for the following month.

On March 3, 2023, plaintiff filed a notice of appeal. On March 21, 2023, the trial court denied the motion for new trial. Plaintiff's designation of the record on appeal was filed the next day. As earlier noted, plaintiff chose not to include a record of the oral proceedings in the trial court, i.e., a reporter's transcript. She continues to represent herself on appeal.

## DISCUSSION

"[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.) "A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." (*Mountain Lion Coalition v. Fish & Game Com*. (1989) 214 Cal.App.3d 1043, 1051, fn. 9.) Plaintiff has made her appellate burden more onerous by failing to provide a reporter's transcript of the trial court proceedings.

"A reporter's transcript may not be necessary if the appeal involves legal issues requiring de novo review. [Citation.] In many cases involving the substantial evidence or abuse of discretion standard of review, however, a reporter's transcript or an agreed or settled statement of the proceedings will be [indispensable]." (*Southern California Gas Co. v. Flannery* (2016) 5 Cal.App.5th 476, 483.) "We proceed to consider the issues raised on appeal, cognizant of [plaintiff's] obligation to provide an adequate record to demonstrate error as well as our obligation to presume that the [judgment] is correct absent a showing of error on the record." (*Ibid*.)

## I. Alleged Pretrial Errors

### A. Court-ordered Mental Examination

#### 1. *Background*

On May 28, 2020, Altura filed a motion for an order requiring plaintiff to undergo a mental examination by a licensed clinical psychologist. Altura argued plaintiff had "placed her mental condition in controversy" by alleging emotional distress damages in the complaint and in her discovery responses. The supporting evidence included plaintiff's responses to written interrogatories, which disclosed her prior and ongoing treatment with psychiatrist Dwight W. Sievert, M.D.

Altura's motion was filed on the same day as Severo's substitution into the case as plaintiff's counsel. Six weeks later, on July 10, 2020, Altura notified the trial court of plaintiff's failure to oppose the motion. The motion was granted on July 21, 2020. Plaintiff now contends the motion should have been denied.

#### 2. *Law and Analysis*

Leave of court is required to obtain discovery by means of a mental examination. (Code Civ. Proc., § 2032.310, subd. (a).) "The court shall grant a motion for a physical or mental examination … only for good cause shown." (*Id*., § 2032.320, subd. (a).) A trial court's finding of the requisite good cause is generally reviewed for abuse of discretion. (See *Randy's Trucking*, *Inc. v. Superior Court* (2023) 91 Cal.App.5th 818, 832–833.)

Plaintiff's operative pleading contained allegations of emotional distress caused by Altura's allegedly wrongful conduct. Those allegations were reasserted in her discovery responses. "[A] party who chooses to allege that he [or she] has mental and emotional difficulties can hardly deny his [or her] mental state is in controversy." (*Vinson v. Superior Court* (1987) 43 Cal.3d 833, 839.) By alleging a causal link between her emotional distress and Altura's conduct, plaintiff "implicitly claim[ed] it was not caused by a preexisting mental condition, thereby raising the question of alternative sources for

5.

the distress." (*Id*. at p. 840.)  Such circumstances will support a finding of good cause. (*Id*. at pp. 840–841.)  Plaintiff fails to demonstrate any error with regard to the mental examination ruling.

### B.       June 2021 Trial Continuance

#### 1.       *Background*

The original trial date of March 2, 2020, was continued several times before being rescheduled for June 14, 2021.  On June 7, 2021, Altura filed an ex parte application "to continue the trial and/or stay the action" based on concerns regarding plaintiff's mental health.  Altura's supporting evidence included the results of the mental examination discussed in the previous part of this opinion.  Psychologist Bradley A. Schuyler, Ph.D., examined plaintiff in September 2020 and made a diagnosis of "Delusional Disorder" and "Paranoid Personality Disorder."

Plaintiff's counsel, Severo, filed a notice of nonopposition to the continuance request.  Severo was not only unopposed to the request, but affirmatively supportive of it. Two of the attorneys representing plaintiff filed declarations regarding her "mental state and competence to be an active participant at trial."  Attorney Raoul Severo said plaintiff "exhibited thought processes that made the ordinary course of representing a client nearly impossible[,] as she [had] exhibited delusional thoughts and statements to [his] staff and attorneys assigned to her case."  He requested a "stay [of] the trial" until plaintiff was "mentally able to assist counsel in understanding the relevant issues and how to participate competently in a trial."

The declaration of attorney Lawrence LaRocca, who would have been responsible for trying the case, included these statements:

> "I do believe that the trial should be stayed until the time that Plaintiff is fit. She can not [*sic*] assist me in preparing for trial as she is unable to communicate on the relevant issues [or respond] to questions on issues and evidence, [and she lacks the] ability to understand and communicate well with third persons.  I have been practicing for almost 28 years, and have

6.

encountered clients that were declared incompetent to stand trial. Each one of those clients was able to speak to me in a more cogent manner about the world and their case than the Plaintiff."

On June 9, 2021, Altura's ex parte application was heard and granted. The minute order states, in pertinent part, "Court finds Plaintiff, Samreen Riaz, to be suffering from a mental disability and a Trial would serve no one at this time. [¶] … [¶] Court vacates all hearing dates including the Trial date."

On August 3, 2021, plaintiff filed an ex parte motion to reset the trial date. The motion papers were filed by attorney Raoul Severo pursuant to plaintiff's "urgent requests." They included a declaration by plaintiff in which she accused attorney Lawrence LaRocca of withholding information and/or misleading her about the proceedings that had resulted in the trial continuance. Plaintiff also claimed to have reported LaRocca to the California State Bar.

Plaintiff's request was heard and denied on August 13, 2021. The minute order states, in pertinent part: "Comments and arguments made by Plaintiff heard on the record. [¶] Court finds plaintiff is still unable to proceed. [¶] Matter is still STAYED."

### 2. *Law and Analysis*

Based on a part of the opening brief labeled "Question Presented," we understand plaintiff's claim to allege "error and abuse [of] discretion" with regard to "vacating the trial on june 9 21 [*sic*]." This claim is not well developed, but it is addressed with arguably minimal sufficiency in the brief. Plaintiff also appears to allege error with regard to earlier trial continuances granted between December 2019 and November 2020, but those claims are *not* sufficiently developed and fail for that reason. (See *City of Chula Vista v. Stephenshaw* (2023) 91 Cal.App.5th 352, 367, fn. 6 [insufficiently developed claims may be deemed forfeited]; *Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52 [reviewing courts "are not required to examine undeveloped claims"].)

7.

Regarding the June 2021 ruling, plaintiff is bound by her then counsel's affirmative request for the continuance. (See *Banks v. Dominican College* (1995) 35 Cal.App.4th 1545, 1555 [noting "parties represented by counsel are bound by the actions of their counsel"].) By that point the Severo law firm had made multiple unsuccessful attempts to withdraw from the case, but plaintiff refused to stipulate to its withdrawal. Having chosen Severo to be her legal representative, plaintiff "'cannot now avoid the consequences of the acts or omissions of this freely selected agent.'" (*Bernstein v. Allstate Insurance Co.* (1981) 119 Cal.App.3d 449, 451.)

Furthermore, trial courts "generally have broad discretion in deciding whether to grant a request for a continuance." (*Freeman v. Sullivant* (2011) 192 Cal.App.4th 523, 527.) Plaintiff must show the trial court's discretion was abused, but instead she presents fantastical allegations of a conspiracy involving the trial court, the Severo law firm, and defense counsel. The record shows the trial court postponed the trial based on counsel's sworn statements regarding plaintiff's inability to assist them with trial preparation *and* the trial court's own observations of plaintiff's behavior. "We do not second-guess the court's credibility calls or reweigh the evidence." (*In re Merrick V.* (2004) 122 Cal.App.4th 235, 254; accord, *Bloxham v. Saldinger* (2014) 228 Cal.App.4th 729, 750.)

As for the denial of plaintiff's August 2021 request to reschedule the trial, the minute order shows plaintiff personally explained her position to the trial court before the request was denied. Having seen direct evidence of plaintiff's mental health at that time, the court found she was "still unable to proceed" to trial. Without a reporter's transcript, we cannot say the ruling was erroneous.

## C.     Permitting Plaintiff's Counsel to Withdraw

In the "Question Presented" section of the opening brief, the trial court is said to have erred by "releasing numerous attorneys of the plaintiff." Although plaintiff focuses on the withdrawal of Severo, she claims attorneys Smith and Migliazzo were also

8.

erroneously permitted to withdraw. The contention regarding Smith and Migliazzo is perfunctory and entirely undeveloped, and we reject it for those reasons. (*Tilbury Constructors*, *Inc. v. State Comp. Ins. Fund* (2006) 137 Cal.App.4th 466, 482.) The claim regarding Severo is addressed with arguably minimal sufficiency, but it fails on the merits.

### 1. Background

Severo reportedly filed 11 motions to be relieved as plaintiff's counsel. The appellate record confirms at least nine such motions were filed between July 2020 and September 2022. The Severo attorneys declared the existence of "irreparable" conflicts with plaintiff. One example was plaintiff complaining to the State Bar about the representation provided by attorney Lawrence LaRocca. Another example, described in declarations by attorney Raoul Severo, was plaintiff accusing the Severo lawyers "of being in complicity with the judge and defense counsel … to defeat her lawsuit." Severo further attested to instances of plaintiff filing her own pro se documents in contravention of the firm's legal advice and despite its status as her counsel of record.

Some of the withdrawal motions were denied because of procedural defects. When ruling on the merits, the trial court expressed concern about plaintiff being prejudiced by an inability to retain new counsel or represent herself at trial. In May 2022, a written statement by plaintiff's psychiatrist, Dr. Sievert, persuaded the court that plaintiff was mentally capable of either representing herself or assisting her counsel at trial.

Severo's final motion to be relieved as counsel was filed on September 22, 2022. A supporting declaration by attorney Raoul Severo included these statements:

> "[T]he attorney client relationship between my firm and [plaintiff] has irretrievably been broken and we should not be compelled to represent this client in this case any longer. [¶] … [¶] At the time of the hearing on our last motion to be relieved as counsel, the court indicated that we should remain as counsel of record until such time as the court lifted [its] stay

order[,] which would be predicated on a finding that [plaintiff] had regained her mental competency. The court has made that finding and lifted the stay.

"Relations with [plaintiff] have remained as they were before our last motion to withdraw, that is we have had [virtually] no communication with [her]."

On October 18, 2022, the trial court granted Severo's motion over the objections of both plaintiff and Altura. The ruling noted the trial date was "approximately four months away," which gave plaintiff "adequate time to obtain other counsel to represent her …." It was further noted "that Plaintiff [was] also representing herself in propria persona in several other matters [then] pending in the Tulare County Superior Court and [had] asserted she [was] capable of doing so in [those] actions."

### 2.      Law and Analysis

"Generally, an attorney has a right to end the attorney-client relationship, but when litigation remains pending, the court has control over such termination, in part to ensure that the client is not harmed—for example, by abandonment of counsel on the eve of trial." (*Flake v. Neumiller & Beardslee* (2017) 9 Cal.App.5th 223, 230.) The procedural requirements for withdrawing from representation without the client's consent are found in Code of Civil Procedure section 284 and rule 3.1362 of the California Rules of Court. Severo was found to have complied with the procedural requirements, and plaintiff shows no error in that regard.

"The determination whether to grant or deny a motion to withdraw as counsel lies within the sound discretion of the trial court." (*Manfredi & Levine v. Superior Court* (1998) 66 Cal.App.4th 1128, 1133.) "The abuse of discretion standard asks 'whether or not the trial court exceeded the bounds of reason, all of the circumstances before it being considered.'" (*Malmquist v. City of Folsom* (2024) 101 Cal.App.5th 1186, 1200.) In lieu of cogent argument on the question of reasonableness, plaintiff offers a nearly unintelligible theory of collusion among and between the trial court, Severo, and even her

psychiatrist, Dr. Sievert. However, the record shows it was plaintiff who (1) asked Dr. Sievert for his written opinion regarding her ability to represent herself and proceed to trial and (2) filed his statement with the trial court in support of her efforts to have the case reset for trial.[1]

The fact of a breakdown in the attorney/client relationship between plaintiff and Severo cannot be disputed. The trial court was presented with evidence of plaintiff's mental ability to assist new counsel with the litigation of her claims or, if necessary, to represent herself at trial. The trial court's conclusion that four months was sufficient time to seek new counsel and/or prepare for trial—whether represented or unrepresented—was within the scope of its discretion. (See *In re Marriage of Connolly* (1979) 23 Cal.3d 590, 598 ["when two or more inferences can reasonably be deduced from the facts, a reviewing court lacks power to substitute its deductions for those of the trial court"].)

### D. Judicial Disqualification Rulings

In December 2022, plaintiff attempted to disqualify the judge who later presided over her trial. She now alleges reversible error based on the judge's failure "to disqualify or recuse himself." However, "Code of Civil Procedure section 170.3, subdivision (d) provides the exclusive means for seeking review of a ruling on a challenge to a judge, whether the challenge is for cause or peremptory." (*People v. Panah* (2005) 35 Cal.4th 395, 444.) The denial of a disqualification motion is reviewable only by a petition for a writ of mandate. (Code Civ. Proc., § 170.3, subd. (d).) Therefore, no claims may be raised in this appeal regarding judicial disqualification rulings. (*Ibid.*; *Brown v.*

---

[1]While attempting to explain her conspiracy theories on pages 36 through 43 of the opening brief, plaintiff asserts other claims regarding her unsuccessful efforts to prevent Dr. Sievert from being deposed by defense counsel in late 2022. Those claims are insufficiently developed; they are not presented in accordance with the California Rules of Court (see *id.*, rule 8.204(a)(1)(B)); and they improperly purport to incorporate by reference arguments made in documents filed with the trial court (*Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 656). We thus deem them forfeited.

11.

*American Bicycle Group*, *LLC* (2014) 224 Cal.App.4th 665, 671–672.)  To the extent plaintiff's claims might somehow otherwise be cognizable based on events at trial, they are foreclosed by the absence of a reporter's transcript in the record on appeal.  (See, e.g., *Bistawros v. Greenberg* (1987) 189 Cal.App.3d 189, 192 [appellant's failure to provide a transcript precluded reversal for alleged judicial misconduct].)

## II.      Alleged Trial Errors

We preliminarily note plaintiff's confusing use of the term "mistrial" throughout her opening brief.  She contends the trial court erred by "failing to declare [a] mistrial."  Many of her arguments are prefaced by the words, "The trial is a mistrial because …."  However, a mistrial can only be declared during trial, before a complete verdict has been rendered and recorded, and certainly not after the jury has been discharged.  (See *People v. Pena* (1984) 151 Cal.App.3d 462, 479; *Estate of Bartholomae* (1968) 261 Cal.App.2d 839, 842.)  Once the trial is over, the available recourse is a motion for new trial.  (See Code Civ. Proc., § 656 ["A new trial is a re-examination of an issue of fact in the same court after a trial and decision by a jury, court or referee"]; *Estate of Bartholomae*, at p. 842 ["a premature motion for a new trial will be interpreted as a motion for a declaration of a mistrial"].)

The record does not indicate plaintiff ever moved for a mistrial.  She filed a motion for new trial approximately 10 days after the trial had ended.  Despite misguided contentions regarding "Grounds For mistrial," it was a motion for new trial in substance.  The trial court issued a detailed, five-page ruling denying the motion in its entirety.

"The authority of a trial court in this state to grant a new trial is established and circumscribed by statute.  [Citation.]  Section 657 [of the Code of Civil Procedure] sets out seven grounds for such a motion:  (1) 'Irregularity in the proceedings'; (2) 'Misconduct of the jury'; (3) 'Accident or surprise'; (4) 'Newly discovered evidence'; (5) 'Excessive or inadequate damages'; (6) 'Insufficiency of the evidence'; and (7) 'Error in

12.

law.'"  (*Oakland Raiders v. National Football League* (2007) 41 Cal.4th 624, 633.)  Trial courts generally have broad discretion to determine whether a new trial is warranted.  (*Id.* at p. 636.)  "When the court has denied a motion for a new trial, however, we must determine whether the court abused its discretion by examining the entire record and making an independent assessment of whether there were grounds for granting the motion."  (*ABF Capital Corp. v. Berglass* (2005) 130 Cal.App.4th 825, 832.)

## A.     Exclusion of Expert Witness Testimony

### 1.     Background

Plaintiff hoped to convince jurors that Altura's alleged "retaliation" against her in the form of "organized covert stalking" and harassment continued after her employment was terminated.  Plaintiff intended to have a person named Cathy Meadows, a clinical psychologist, testify in support of those allegations.  Meadows advertises herself as a "Consultant/Advocate/Expert Witness" regarding the subjects of "Retaliation/Mobbing/ Harassment/Bullying."

Altura moved in limine to exclude any testimony by Cathy Meadows at trial. Altura made several arguments for exclusion, including plaintiff's failure to make the witness available for deposition.  Supporting evidence showed plaintiff and Meadows both failed to appear for at least one properly noticed deposition.  Plaintiff opposed the motion to exclude, but the trial court granted it.  The trial court's later ruling on plaintiff's motion for new trial indicates it (1) found plaintiff did not make Cathy Meadows available for deposition and (2) "determined that the basis of her testimony involved hearsay and speculation."

### 2.     Law and Analysis

Code of Civil Procedure section 2034.300 authorizes the exclusion of expert testimony based on a party's unreasonable failure to make the expert available for deposition.  "We generally review the trial court's ruling on a motion to exclude expert

13.

testimony for abuse of discretion, including its determination that a party 'unreasonably' failed to comply with an expert witness demand." (*Staub v. Kiley* (2014) 226 Cal.App.4th 1437, 1445.) The appellate record does not suggest any error in the exclusion of Cathy Meadows as an expert witness.

Plaintiff's arguments, both below and on appeal, reflect her mistaken belief that Altura needed to subpoena Cathy Meadows directly in order to depose her. The clerk's transcript shows plaintiff identified Cathy Meadows during the parties' exchange of expert witness information and provided an expert witness declaration, thus indicating Meadows was a retained expert. (See Code Civ. Proc., §§ 2034.210, subd. (b), 2034.260, subd. (c).) "If the expert is one who has been *retained to testify* …, it is the responsibility of the party designating that expert to make the expert available for deposition upon service of a proper deposition notice and payment of the expert's fees by the deposing party." (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2024) Expert Witness Disclosure, ¶ 8:1688, p. 8J-20; accord, Code Civ. Proc., § 2034.460, subd. (a).) Therefore, "no subpoena is necessary" to depose a retained expert. (Weil & Brown, at ¶ 8:1695, p. 8J-23.)

In California, "self-represented litigants are held to the same standard of knowledge of law and procedure as an attorney." (*Simms v. Bear Valley Community Healthcare Dist.* (2022) 80 Cal.App.5th 391, 406, fn. 5; accord, *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985.) Plaintiff's expert witness disclosure failed to state Cathy Meadows's fees for providing deposition testimony, which is a statutory requirement. (Code Civ. Proc., § 2034.260, subd. (c)(5).) When noticing Meadows's deposition, Altura's counsel made a written request for plaintiff to "immediately provide a statement of Ms. Meadows' hourly and daily fee for providing deposition testimony so that payment of those fees can be made for deposition." The correspondence also included this statement: "Please note that the Code of Civil Procedure requires that ***you produce***

14.

__*Ms. Meadows for deposition*__." Plaintiff evidently ignored this warning and disregarded her obligations under the applicable discovery statutes.

## B. Exclusion of Plaintiff's Exhibits

### 1. Background

Altura's motion in limine regarding Cathy Meadows included a request "that all statements related to Cathy Meadows be removed from all of Plaintiff's trial exhibits," and specifically those plaintiff marked as Exhibits A, B, C, D, E, F, G, H, J, and K. The motion was argued on February 3, 2023, but there is no transcript of the hearing in the record. A corresponding minute order states, in pertinent part: "The following plaintiff's exhibits will be admitted: A–E and M[.] [¶] The following plaintiff's exhibits will be excluded: I, F, H, J, K, L and N."

Plaintiff asserts several claims regarding her trial exhibits. Inarticulate briefing makes it difficult to summarize her contentions. We instead quote from the trial court's ruling on the motion for new trial, which best explains the nature of these claims.

> "Plaintiff alleges a number of 'irregularities' involving the filing of trial documents and rejection thereafter by the Court. However, Defendant notes that the Court accepted Plaintiff's exhibits and considered them as to admissibility. The Court made various findings as to these exhibits based on motions in limine and argument. [¶] Specifically, as to exhibits involving or referencing Cathy Meadows, the Court redacted references to her …. The Court, therefore, considered Plaintiff's exhibits and, where legally permissible, admitted them, sometimes in part, sometimes excluding them completely. As to Exhibits A–E and M, the Court ultimately denied their admission into evidence because Plaintiff did not redact the references to Cathy Meadows. [Citation.]

> "Exhibit F concerned disqualification of this Court and the Court determined it lacked relevance to the trial. Exhibits H, L and N concerned various pleadings or rulings previously filed that likewise the court found were not relevant to the triable issues in this matter. Finally, Exhibits J and K were not admitted on the basis that they were pleadings consisting of prior requests by Plaintiff to exclude testimony."

### 2. Law and Analysis

"'Broadly speaking, an appellate court reviews any ruling by a trial court as to the admissibility of evidence for abuse of discretion.'" (*People ex rel. Lockyer v. Sun Pacific Farming Co.* (2000) 77 Cal.App.4th 619, 639.) "A trial court 'is vested with wide discretion in determining the relevance of evidence,'" and, moreover, even relevant evidence is subject to exclusion under Evidence Code section 352. (*Velasquez v. Centrome, Inc*. (2015) 233 Cal.App.4th 1191, 1211.) To obtain reversal based on an evidentiary ruling, the appellant must show both error and prejudice. An error is considered harmless unless "a different result would have been probable" had it not occurred. (Code Civ. Proc., § 475.) "Prejudice from error is never presumed but must be affirmatively demonstrated by the appellant." (*Paige v. Safeway*, *Inc*. (2022) 74 Cal.App.5th 1108, 1127.)

Plaintiff alleges the trial court never gave her the option of introducing redacted versions of Exhibits "A–E and M." But a minute order in the clerk's transcript says the trial court ruled to admit those exhibits, and the lack of a reporter's transcript makes her claim untenable. "Failure to provide an adequate record on an issue requires that the issue be resolved against plaintiff." (*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502.)

As for exhibits F through L, and N, it is unclear to us whether any of those documents are part of the record on appeal. Plaintiff's briefing alleges some of these exhibits were "the same" as certain filings in the clerk's transcript, but we cannot confirm her contentions. In any event, various descriptions of these exhibits by the trial court, defense counsel, and even plaintiff herself all indicate it was within the court's discretion to exclude them for lack of relevance or under Evidence Code section 352. For example, exhibit I is described in the record as a "Settlement Offer," and exhibits L and N are respectively described as a "Summary Judgment ruling" and "Plaintiff Opposition to

16.

motion [for] Summary Judgment." Plaintiff also fails to explain why the exclusionary rulings were prejudicial. Reversible error has not been shown.

### C. "Exclusion" of Other Witnesses

Plaintiff's opening brief contains scattered allegations of other witnesses being "excluded" from testifying at trial. These claims involve three categories of witnesses. First are certain individuals who, despite their names appearing on Altura's witness list, were never called by Altura to testify at trial. Second are individuals who failed to appear in court despite plaintiff's attempts to compel their presence. In the third category is Altura's primary defense attorney. Plaintiff evidently attempted to call the attorney as a witness at some point during trial.

Plaintiff's claims are not briefed in accordance with the California Rules of Court and are insufficiently developed. They also appear to fail on the merits. There are legal flaws in plaintiff's arguments, as well as a lack of substantiation in the appellate record.

"In general there is no duty on either party to call any particular witness in the absence of a showing of some special circumstances." (*Neumann v. Bishop* (1976) 59 Cal.App.3d 451, 481.) Plaintiff fails to explain why Altura would have been obligated to call any particular person named on its witness list. Even if error could be inferred from the record, plaintiff makes no attempt to show prejudice.

As for the second category, the only witness identified in plaintiff's opening brief is a "Dr. Hanna Atalla." Altura's opposition to the motion for new trial was supported by an attorney declaration that explained Dr. Atalla was "no longer employed by Altura" at the time of trial and lived "out of the area at an address unknown to Altura." The trial court's ruling on the motion for new trial provides further insight into this claim:

> "Plaintiff further argues error as to witnesses that either appeared at trial or failed to appear. The Court notes that Plaintiff attempted to subpoena several witnesses, but appears to have failed to follow the Code of Civil Procedure as to notice, witness fees, and other such issues. [Citation.] Defendant notes that it produced witnesses pursuant to Plaintiff's 'Notice to

Appear' but that other witnesses who did not attend are the responsibility of Plaintiff. [Citation.] The court had a specific discussion with plaintiff during the trial and explained it was her duty to subpoena and produce her own witnesses."

The record on appeal reflects some of plaintiff's efforts to compel the trial attendance of certain witnesses, but it does not show grounds for reversal. There is evidence of trial subpoenas, but the proofs of service are unsigned. "[T]here are two basic mechanisms a party can employ to direct a person to attend trial: a subpoena and, when appropriate, a notice to attend. Effective use of a notice to attend is limited to situations in which the witness whose attendance is desired is a party or someone closely affiliated with a party, as specified by statute." (*Meza v. Portfolio Recovery Associates, LLC* (2019) 6 Cal.5th 844, 862.) A witness is not bound by a notice to attend trial unless the witness is (1) a party to the action, (2) a person for whose immediate benefit the action is being prosecuted, or (3) "is an officer, director, or managing agent of any such party or person." (Code Civ. Proc., § 1987, subd. (b).) Plaintiff has not met her appellate burden on this issue.

Lastly, "'[t]he practice of forcing trial counsel to testify as a witness … has long been discouraged … and recognized as disrupting the adversarial nature of our judicial system.'" (*Carehouse Convalescent Hospital v. Superior Court* (2006) 143 Cal.App.4th 1558, 1564–1565.) To establish reversible error from the "exclusion" of Altura's lawyer as a trial witness, plaintiff would need to show (1) no other means existed to prove the substance of his anticipated testimony; (2) the information was relevant and not privileged; and (3) the testimony was essential to her case. (See *Spectra-Physics, Inc. v. Superior Court* (1988) 198 Cal.App.3d 1487, 1494–1495.) Plaintiff falls well short of meeting her burden.

### D. Admission of Defense Evidence

Plaintiff makes several claims regarding the admission of defense evidence. These claims are scattered throughout the opening brief and generally fail to comply with rule

8.204 of the California Rules of Court. They are also poorly developed, often with insufficient discussion of why admitting a particular document was legally erroneous and/or prejudicial.

Furthermore, Evidence Code section 353 prohibits reversal based on the erroneous admission of evidence unless the record shows "an objection to or a motion to exclude or to strike the evidence … was timely made and so stated as to make clear the specific ground of the objection or motion." (*Id*., subd. (a); accord, *People v. Ramos* (1997) 15 Cal.4th 1133, 1171.) Similarly, "the 'right to a new trial on the ground of surprise is waived if, when the surprise is discovered, it is not made known to the court, and no motion is made for a mistrial or continuance of the cause.'" (*Kauffman v. De Mutiis* (1948) 31 Cal.2d 429, 432.) Without a reporter's transcript, we cannot determine whether any of plaintiff's claims were preserved for appellate review.

### E. Jury Instructions and Verdict Form

Plaintiff contends the trial court erred by using a verdict form "custom prepared by [A]ltura" instead of using CACI No. VF-5001. The verdict form used at trial contained four numbered questions, and the first was as follows:

> "1. Did [Altura] discharge [plaintiff] as a result of retaliation as: (1) a whistleblower under Labor Code Sections 1102.5 or 2699.5; or (2) in violation of public policy?
>
> "_____ Yes _____ No
>
> "If your answer to question 1 is yes, then answer question 2. If you answered no, STOP HERE, answer no further questions, and have the presiding juror sign and date this form."

Plaintiff also claims the trial court erroneously declined to instruct jurors pursuant to CACI Nos. 1600, 1602, 1603, 1604, 2406, 2430, 3901, 3902, 3903A-G, 3905A, 3940, 3945, 3947 4603, and 4604. However, the trial court's ruling on the motion for new trial indicates her proposed instructions "were duplicative or inapplicable to the legal and factual issues in the case."

19.

We reject all the claims because of plaintiff's failure to provide theories of error and prejudice. "One cannot simply say the [trial] court erred, and leave it up to the appellate court to figure out why." (*Niko v. Foreman* (2006) 144 Cal.App.4th 344, 368.) There is no showing of error or prejudice as to the verdict form. The same is true for the jury instructions, and many of those claims are quite obviously meritless. For example, the record shows that CACI Nos. 2430, 4603, and 4604 were in fact given to the jury. The excluded instructions mostly concerned damages, but the jury returned a complete defense verdict on the question of liability. Therefore, any error in the omission of damages instructions was harmless. (E.g., *Vahey v. Sacia* (1981) 126 Cal.App.3d 171, 180; *Thompson v. Keckler* (1964) 228 Cal.App.2d 199, 214.)

## F.   Sufficiency of the Evidence

Plaintiff argues the trial evidence was insufficient to support the jury's defense verdict. "Where, as here, the judgment is against the party who has the burden of proof, it is almost impossible for him [or her] to prevail on appeal by arguing the evidence compels a judgment in his [or her] favor. That is because unless the [jury] makes specific findings of fact in favor of the losing plaintiff, we presume [it] found the plaintiff's evidence lacks sufficient weight and credibility to carry the burden of proof." (*Bookout v. State of California ex rel. Dept. of Transportation* (2010) 186 Cal.App.4th 1478, 1486; accord, *Estes v. Eaton Corp.* (2020) 51 Cal.App.5th 636, 651.)

"Thus, where the issue on appeal turns on a failure of proof at trial, the question for a reviewing court becomes whether the evidence compels a finding in favor of the appellant as a matter of law. [Citations.] Specifically, the question becomes whether the appellant's evidence was (1) 'uncontradicted and unimpeached' *and* (2) 'of such a character and weight as to leave no room for a judicial determination that it was insufficient to support a finding.'" (*Shaw v. County of Santa Cruz* (2008) 170 Cal.App.4th 229, 279, italics added; accord, *Dreyer's Grand Ice Cream, Inc. v. County of*

20.

*Kern* (2013) 218 Cal.App.4th 828, 838.) Without a reporter's transcript, we simply cannot resolve this claim in plaintiff's favor. (See *Estate of Fain* (1999) 75 Cal.App.4th 973, 992 ["it is presumed that the unreported trial testimony would demonstrate the absence of error"]; accord, *Robinson v. Gutierrez* (2023) 98 Cal.App.5th 278, 283; *Watson v. Collins* (1962) 204 Cal.App.2d 27, 33.)

### G.     Miscellaneous Claims

All other claims in the opening brief are rejected for being insufficiently developed and/or unsupported by the appellate record. This includes, but is not limited to, plaintiff's allegations of "jury tampering" and "witness tampering," and claimed inability to utilize audio/video equipment in the courtroom.

## DISPOSITION

The judgment is affirmed. The parties shall bear their own costs on appeal.

PEÑA, Acting P. J.

WE CONCUR:

MEEHAN, J.

SNAUFFER, J.

21.